THOMAS M. CROUCH ET AL.  
vs.  } MARCH TERM, 1849.  
HARRIET SMITH ET AL.  

[VALUATION OF COMMISSIONERS—WOOD CUT NOT REALTY.]

COMMISSIONERS having been appointed by the parties to value a certain privilege of cutting wood and timber, to which the widow and son of a testator were, by his will, entitled; it was HELD—that the maxim, *omnia rite esse acta præsumuntur,* is applicable to the proceedings of these commissioners, and, that every fair intendment should be made in support of their acts.

The rule which applies to the valuations made by commissioners appointed to divide real estate, that such valuations, though not conclusive and liable to be rejected, if clearly shown to be erroneous, are entitled to great respect, and are not to be disturbed, unless the weight of evidence in opposition to them is decidedly preponderating, is applicable also to the valuation made by these commissioners.

Wood and timber cut down prior to the sale of the land, does not pass to the purchaser, but is severed from the inheritance, and becomes personal property.

---

[Walter Smith, deceased, of Prince George's county, by his will, devised certain lands to his widow, and to his son Walter,

34*

and gave them the privilege of cutting from his lands in Anne Arundel county, devised to his four unmarried daughters, "so much wood and timber as might be necessary for the support of the lands" devised to his said widow and son.

The lands out of which this privilege was granted were afterwards sold under a decree of this court, with the understanding that the widow and son of the testator, should receive out of the proceeds of sale, so much in lieu of said privilege as the Chancellor might deem right ; and certain persons having been appointed to value the same, they reported, that the widow was entitled to receive $150 and the son $500.

At this stage of the proceedings a petition was filed by Crouch and Lazenby, who had intermarried with two of the parties entitled to a share of the proceeds of the land sold, and who were also the purchasers thereof, objecting to the ratification of this report, on the ground, that Walter Smith had, after the sale of the property, removed from the premises a quantity of wood and rail stuff which had been previously cut down by him ; and praying, in the event of the sale being ratified, that the value of the wood and timber so cut, might be deducted from the proportions of the valuation to be paid by the petitioners to said Smith.

The right of Walter Smith to exercise the privilege granted him by his father's will, had never been called in question by the previous proceedings, nor was any notice given by this petition of an attempt to resist it ; but at the hearing, the counsel for the petitioners contended that the testator, by a codicil to his will, had revoked the privilege, and that said Walter was not entitled to any allowance in lieu thereof.

The matter of this petition having been argued by counsel, the Chancellor at this term, after stating the case, delivered his opinion, as follows :]

THE CHANCELLOR :

It appears by the evidence, that the wood and rails which had been thus removed by Smith, amounting probably to some sixty or eighty dollars in value, were cut by him prior to the

agreement of the 8th of May, 1848, (making the allowance to Smith and his mother in lieu of their right to cut wood,) under which the decree was passed, and the only question presented by the petition and answer, is, whether the removal of this wood and rail stuff by Smith, after the sale, is a sufficient reason to reject the return of the commissioners ; or whether the court may not itself so far modify their return, as to order a proportion of the value thereof to be deducted from the sums to be paid by the petitioners.

One of the questions, therefore, discussed by the counsel for the petitioners in the argument, is not raised by the petition ; and as the respondent Smith was not notified by it, that his entire right to cut wood and timber from this land would be disputed, and, therefore, may have omitted to offer the proof which, under other circumstances may have been in his reach, it might not be proper to permit this question to be brought into view. Smith was not apprised by the petition of Crouch and Lazenby, that the privilege given him by the will of his father, to cut wood and timber from this land, was supposed to be revoked by the codicil. On the contrary, all the previous proceedings in the cause distinctly recognized the continued existence of this right, and the only question which he was called upon to meet, had reference to the effect upon the valuation of the selected appraisers of the parties, which it was alleged ought to be produced by the removal of the wood and rails in question.

It is now, however, said, that the codicil to the will of the testator must be regarded as revoking altogether the privilege in question, given by the will to the widow and son of the testator ; or at all events, that if it does not amount to a total revocation of the will in that particular, it must be considered as reducing to some extent the value of the privilege, and that, therefore, the estimate of the commissioners is excessive, and should be rejected.

I am very clearly of opinion, that even if the question was properly before the court, and these petitioners could now, notwithstanding their reiterated recognition of the existence of the

privilege in question, deny it, and make it the subject of contest, the objection could not be maintained.

It seems to me, that if the testator had designed to revoke the privilege in question, and throw these parties altogether upon other sources of supply for their wood and timber, he would have done so in express terms and not have left it to implication. He certainly does not do so in express terms, nor is there such an inconsistency, or conflict, between the provisions of the will and codicil that both may not well stand together.

That the weight of the burden to be borne by the Anne Arundel county land, was intended to be diminished by the purchase of the land mentioned in the codicil, is, I think, quite apparent; and, therefore, in estimating the value of that burden, and the corresponding privilege, it was the duty of the parties selected for the purpose, to take that circumstance into their consideration ; and we are told by Dr. Cheston, one of those parties, that they were aware of it, and of the rights of Mr. Smith, under the will and codicil of his father, which were before them.

It must, therefore, be presumed, that the proper weight was given by the commissioners to this source of supply, and more especially would the court be indisposed to reject their valuation for this reason, when the petitioners themselves did not make the objection in their petition, so as to give the other side an opportunity of denying it in their answer, and rebutting it by proof.

My opinion is, that the maxim *omnia rite esse acta præsumuntur*, is applicable to the proceedings of these commissioners, and that although they were required to report to the court, subject to its further order and direction, yet still, every fair intendment should be made in support of their acts.

They were authorized and required to make the valuation upon oath, according to the best of their judgment, and this they say they did ; and by no allegation in the petition is their judgment in this respect called in question.

In the case of *Cecil* vs. *Dorsey et al.*, this court was recently

called upon to consider the effect which should be given to the valuation made by commissioners, appointed to make partition of the real estate among the parties entitled ; and upon full argument and deliberation it was decided, that though such valuation was not conclusive, and might be rejected if clearly shown to be erroneous, yet still it was entitled to great respect, and would not be disturbed unless the weight of evidence in opposition to it was decidedly preponderating.

The commissioners were regarded as occupying the double capacity of arbitrators and witnesses, and it was thought that the court would not be justified in reversing their judgment, unless upon evidence of error as strong or stronger than would induce a court of law to reject the verdict of a jury, and order a new trial. Such was the view taken by this court of the principle which should govern it, when dealing with the valuation of commissioners in cases of partition, and no reason is seen why the same rule should not be observed on this occasion, when the judgment of persons selected by the parties interested, is under review.

Supposing, then, that these petitioners, Crouch and Lazenby, had impeached the valuation of the commissioners in this case, upon the ground of its being excessive, (which, however, they have not done,) it certainly would be incumbent upon them to make out a strong case to induce the court to reject it.

This they have not only failed to do, but the case is wholly destitute of proof upon the point. Not a single witness has said that the valuation is too high, and the petitioners attempt to make out their case upon the hypothesis, that the commissioners in forming their judgment, did not take into consideration the clause in the codicil to the will, by which another source of supply of wood and timber was provided for Mr. Smith. And this course of reasoning is adopted, although one of the commissioners says, expressly, in his evidence, that the will and codicil was before them, and that they were aware of the rights of Smith under them. In view of these circumstances, and looking to the evidence of Henry W. Tomlin, one of the parties in interest, identical with the petitioners, and that of George

W. Hilleary, one of the commissioners, who testifies that Crouch said that the valuation was lower than he anticipated, it would seem impossible that this ground of complaint can be maintained.

The only objection urged in the petition is, that Walter Smith had removed from the land, after the sale, certain parcels of wood and rail stuff, which he had previously cut down in the exercise of the right given him by the will. This, it is said, was not known to the persons selected to make the valuation, and if known would have had an influence upon their judgment, and reduce the amount allowed by them to Mr. Smith.

It is very certain that as this wood and timber had been cut down prior to the sale, it did not pass to the purchasers of the land ; it was severed from the inheritance and became, and was, personal property, and having been cut by Smith in the fair exercise of the right given him by the will, was his property ; and no reservation was required to authorize him to remove it.

The commissioners made their valuation on the 25th of September, 1848, after the wood and rails had been removed, and it is to be presumed, their estimate was a prospective one, having reference exclusively to the future. Two of the commissioners say, that the right claimed, and exercised by Smith, to remove the wood and rails, if known to them would have had no influence upon their judgment; and I can see nothing in the statement of the other which would induce me, under all the circumstances of this case, to reject the return.

If Mr. Tomlin is to be believed, and there is not certainly the slightest ground to impugn his credit, which is entitled to the more weight, because he is swearing against his interest, Crouch knew, and consented that Smith should take the wood and rails away, and it is clearly shown by the evidence of Mr. Hilleary, that the valuation was less than Crouch expected.

The petition must, therefore, be dismissed, and the return of the commissioners ratified.

[No appeal was taken from this order.]