FRED L. CRESSEY *vs.* JOB H. CRESSEY & others.

Essex.    March 5, 1913.— May 24, 1913.

Present : RUGG, C. J., MORTON, HAMMOND, SHELDON & DE COURCY, JJ.

*Execution,* Sale.    *Tenants in Common.    Partition.    Estoppel.*

A levy and sale upon an execution of "all" the "right, title and interest" of the
debtor in certain real estate described in the execution deed by metes and bounds,
where the debtor's title in the real estate described is as one of several heirs of
one who had died seised of several other parcels of real estate as well as the one
described, while of no effect without the consent of the other heirs, is effectual,
in case a portion of the premises described subsequently is set off to the judg-
ment debtor in partition proceedings, to establish a title by estoppel in the
purchaser at the sale to such interest in the portion thus set off by partition
as was the judgment debtor's at the time of the sale.

PETITION for partition, filed in the Superior Court on March
17, 1911, the petitioner alleging that he and the respondents
Job H. Cressey, Anna E. Emerson and Charles A. Newhall were
tenants in common of certain premises on Park Street in Lynn,
their undivided shares being as follows: petitioner, eight twenty-
eighths, Job H. Cressey, seven twenty-eighths, Anna E. Emerson,
seven twenty-eighths, and Dorman, trustee for Charles A. New-
hall, six twenty-eighths; and that Arthur I. Newhall, Sarah Effie
Newhall, Anna E. Emerson and Charles A. Newhall claimed to
own undivided interests other than as alleged.

The case was heard by *McLaughlin,* J., without a jury.    The
material facts found by him are stated in the opinion.    He ruled
that the partition should be made in the proportions set out in
the petition, made an interlocutory judgment accordingly, and
reported the case for determination by this court.

*G. C. Richards,* for the petitioner.

*H. R. Mayo,* for the respondents Anna E. Emerson and Sarah
E. Newhall.

*W. E. Dorman,* for the respondent Charles A. Newhall.

RUGG, C. J.    This is a petition for partition of land on Park
Street in Lynn.    The question at issue is the shares to which the
several owners are entitled.    The material facts are that in 1899

William M. Newhall died intestate, seized of several parcels of real estate, among them being the Park Street land which is the subject of this petition, leaving no widow and seven children. Title to all these parcels descended to his seven children as tenants in common. In 1903 on a judgment recovered against one of these children, Sarah E. Newhall, all her right, title and interest in this Park Street land described by metes and bounds was sold, and by mesne conveyances the right acquired thereby is now held by Charles A. Newhall. In March, 1904, William F. Newhall, one of the seven children, died unmarried and intestate, leaving as his heirs his six surviving brothers and sisters. Thereafter judgment was recovered against Sarah E. Newhall and Harriet A. Newhall, on execution in which all their right, title and interest in the Park Street land on July 27, 1904, described by metes and bounds, was sold, and by mesne conveyances all right under this deed has come to the petitioner. In November, 1905, commissioners were appointed by the Probate Court to make partition of the several parcels of real estate left by William M. Newhall at his decease among his six surviving children as tenants in common, the share of each being set out in the warrant as one sixth. In making partition the commissioners reported that the Park Street land, which they had appraised at $8,000, was equal to four shares, and, as in their judgment it could not be divided advantageously, they set it off to Anna E. Emerson, Sarah E. Newhall, Harriet A. Newhall and Mary I. Cressey, to each one fourth. This report was confirmed in March, 1906. Between March, 1906, and March, 1910, Mary I. Cressey deceased leaving her share to Job H. Cressey, one of the respondents. In March, 1910, Harriet A. Newhall deceased, unmarried, intestate, leaving her four surviving brothers and sisters as her heirs at law, namely Anna E. Emerson, Sarah E. Newhall, Charles A. Newhall and Arthur I. Newhall.

The levy of the two executions against Sarah E. Newhall was not upon the share held by her as tenant in common in the entire real estate inherited by her from her father. It did not follow the provisions of R. L. c. 178, §§ 13, 14. As has been pointed out, each was a levy upon all her title in only one of the several parcels held as tenants in common, which one was described by metes and bounds. The levy and sale upon execution

of real estate of a debtor operates as a conveyance of the title which the debtor was capable of conveying. One of several tenants in common cannot as against his cotenants make a sale by metes and bounds of a portion of the common land. *Bartlet* v. *Harlow,* 12 Mass. 348. *Benjamin* v. *American Telephone & Telegraph Co.* 196 Mass. 454. Sale on execution, which is in the nature of a statutory conveyance, stands upon the same basis as a conveyance by the owner.

The case at bar is governed by *Brown* v. *Bailey,* 1 Met. 254, in which at page 257 Chief Justice Shaw said, respecting facts precisely similar to those presented in the case at bar, "such conveyance or levy, therefore, is good against the grantor and all claiming under him. If then the other cotenants release, or if upon a partition, their full shares are set off in other parts of the common estate, and the part conveyed or levied on is assigned to the party whose share has thus been conveyed or levied on by metes and bounds, such partition operates by way of estoppel and release, because no one has any longer a right to contest its validity." The principle that a conveyance by metes and bounds, whether by personal deed or statutory transfer, by one tenant in common of a portion of the common estate, although of no effect against the consent of his cotenants, operates after partition by way of estoppel to transfer the title, has been affirmed repeatedly. *DeWitt* v. *Harvey,* 4 Gray, 486, 491. *Barnes* v. *Boardman,* 157 Mass. 479. *Barnes* v. *Lynch,* 151 Mass. 510, 512. *Frost* v. *Courtis,* 172 Mass. 401, 404.

The application of this principle results in something like a wager or chance. The grantee gets nothing unless on partition the share of the grantor should happen to include the parcel described by metes and bounds in the deed. The grantor loses by estoppel and release all his interest in the parcel so described if it should happen to be set off to him.

By the partition, the interest of Sarah E. Newhall in the entire estate inherited by her both from her father and her brother, consisting of several parcels, was converted into a one fourth interest in the Park Street property. Of this one fourth she acquired six out of seven parts by inheritance of the one seventh of her father's estate. This share, or six twenty-eighths, is held by the first levy of execution, which was made before the death

of the brother, from whom she inherited. The one sixth of one seventh which she inherited from him, constituting one out of seven parts of the one fourth of the Park Street property, or one twenty-eighth, passed under the second levy, under which also passed the entire share of Harriet. The ruling of the Superior Court as to who are the cotenants and their respective shares, was right.

*Interlocutory judgment affirmed.*