WILLIAM H. KENEASTER and ELSIE M. KENEASTER,
respondents,

*v.*

WILLIAM ERB et ux., appellants.

[Argued June 24th, 1914. Decided November 19th, 1914.]

1. A tenant in common, who has been disseized of a part of the tract held in cotenancy, is not entitled to partition as against the disseizor.

2. The right to a partition of lands can only be exercised as between joint tenants or tenants in common.

3. The conveyance of an absolute estate in fee-simple, by a tenant in common, of a part of the land held in common, without the consent or knowledge of his cotenant, will not affect, much less destroy, the right of the cotenant to have a partition of the whole tract; but, in the exercise of that right, the partition will be made in such a way as to protect, so far as possible, the interests of the grantee in the part of the land so conveyed to him.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Lewis, whose opinion is reported *ante p. 206*.

*Mr. William J. Kraft* and *Mr. Charles K. Landis, Jr.,* for the appellants.

*Messrs. Bourgeois & Coulomb,* for the respondents.

The opinion of the court was delivered by

GUMMERE, CHIEF-JUSTICE.

The bill in this case was filed by Lillian Keneaster against William Erb, and Emma, his wife, for partition of a tract of land in Sea Isle City, about one hundred feet in width and ninety-five feet in depth. Mrs. Keneaster having died *pendente lite,* the present respondents, her husband, and only child, were substituted as complainants. The learned vice-chancellor held that the complainants were entitled to a partition, and, as an actual

40

division of the land itself could not be made, directed a sale thereof and a distribution of the proceeds between the complainants and defendants. From this decree Mr. Erb and his wife appeal.

The material facts are as follows: About the year 1901 Lillian Keneaster and Matilda Landis became tenants in common in a tract of land in Cape May county, bordering on the Atlantic ocean, containing three hundred and fifty-four acres. Miss Landis owned an undivided three eighty-seven three ninety-seconds of this tract, and Mrs. Keneaster owned an undivided five three ninety-seconds part thereof. In 1908, Miss Landis executed a deed in fee for a part of this tract, containing about one hundred acres, to one Edgar S. Ale, and he, in turn, conveyed it to the Sea Isle City Realty Company. This company laid out the one-hundred-acre tract into streets, blocks and lots; and, after improving the property, sold a considerable number of the lots to different purchasers, among whom was the defendant Erb. The conveyance to Erb was by deed of general warranty, with full covenants, and covered the property of which partition was sought by Mrs. Keneaster. It consists of four adjoining lots, numbered 28, 29, 30 and 31, in block A, as laid out on a map of the property by the Sea Isle City Realty Company. Having paid the purchase-money for this conveyance, Mr. Erb entered into exclusive possession of the four lots and continued in such possession, and in the sole enjoyment of the profits thereof, from that time up to the filing of the bill in this cause.

We think this decree cannot be sustained. The right to partition can only be exercised as between joint tenants, or tenants in common, and no such relationship existed between Mrs. Keneaster and Erb. The conveyance of Miss Landis, who was the co-tenant of Mrs. Keneaster, to Ale, of the entire estate in the land embraced in the deed to him, was conclusive of her purpose to appropriate so much of the land to her own use; and the subsequent conveyance by Ale to the realty company was an equally positive declaration of his claim to ownership of the entire interest in this one hundred acres. This is true also with relation to the effect to be given to the conveyance by the realty company to Erb, and that is peculiarly so, in view of the fact that

this latter conveyance contained full covenants of seizin and warranty. The entry of Erb under his deed, and his exclusion of Mrs. Keneaster, was a complete disseizin by him, and if he had been permitted to remain in possession for a period of twenty years continuously, without any interference on her part or on the part of those who succeeded to her interest, he would have had a complete title by adverse possession. *Foulke* v. *Bond, 41 N. J. Law 527, 540.* Mrs. Keneaster, having been disseized by Erb and those through whom he claims, and having been actually ousted by his exclusive possession of the property, cannot claim a right against him which can only be exercised by a joint tenant or tenant in common against a cotenant. A tenant in common who has been disseized is not entitled to partition as against the disseizor where there has been an actual ouster by him. *Roll* v. *Everett, 73 N. J. Eq. 697.*

We are not to be understood as holding that the conveyance of the one hundred acres by Miss Landis to Ale, and the subsequent conveyances of that tract, operated to destroy the right of partition which prior thereto had vested in Mrs. Keneaster. Her right prior to the Landis grant was to have a partition of the whole tract of three hundred and fifty-four acres owned by her and Miss Landis in common, and to have five three ninety-seconds (approximately one-seventy-eighth) parts thereof set off to her in severalty. That right was not affected, much less destroyed, by the wrongful conveyance of approximately two-sevenths of that tract by Miss Landis. *Holcomb* v. *Coryell, 11 N. J. Eq. 548; Boston Franklinite Co.* v. *Condit et al., 19 N. J. Eq. 394.* If she had sought partition of the whole tract, under the conditions exhibited in the present case, such partition would have been directed, of course, upon equitable terms. In other words, the interests of those parties who hold under the Landis conveyance, and have, in good faith, improved the property embraced therein, would have been protected to the same extent as Miss Landis' rights would have been if she had made such betterments herself for the purpose of improving the property, and not for the purpose of embarrassing her cotenant or encumbering her estate; for they would be subrogated to her rights. That she would be protected is entirely settled by the decisions in this

state; and such protection would usually be afforded either by assigning to her the portion of the land upon which the improvements have been made, at the value of the land, without the improvements, or, if that could not be done, then by compensation directed to be made to her for them. It was so declared in the early case of *Brookfield* v. *Williams, 2 N. J. Eq. 341,* and the principle of that case has been followed in *Doughaday* v. *Crowell, 11 N. J. Eq. 201; Hall* v. *Piddock, 21 N. J. Eq. 311; Atha* v. *Jewell, 33 N. J. Eq. 417,* and *Shipman* v. *Shipman, 65 N. J. Eq. 556.*

The decree under review will be reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Garrison, Swayze, Parker, Bergen, Kalisch, Black, Bogert, Vredenburgh, Heppenheimer, Williams—11.