# R. E. LEE YOUNG

*vs.*

## ADOLPH V. DIEDEL, Receiver.

*Judicial Sale—Jurisdictional Averments—Decree Naming
Receiver—Exceptions by Purchaser.*

Equitable jurisdiction having been invoked and assumed for
the purpose of construing a deed, in regard to whether it
granted a fee simple or life estate, such jurisdiction could
rightfully be retained and exercised to the end that other suit-
able relief might be afforded, as by decreeing a sale for the
purpose of partition as between the heirs of the deceased
grantee in such deed, parties to the proceeding.     p. 672

The question of jurisdiction, if it is to be decided solely
upon the allegations of the bill, is determined by whether the
bill is good against demurrer, but if a decree for sale is sup-
ported by proof of the requisite jurisdictional facts, and no
question as to the sufficiency of the bill was raised before the
decree was passed, the decree will be upheld.     p. 672

In the absence of an objection to the sufficiency of the bill,
it is the right and duty of the court to base its decree upon
the evidence, without regard to the allegations of the bill.

p. 673

That the bill under which a partition sale was decreed, while
asking partition, failed to allege that partition in kind could
not be made without loss or injury to the parties interested,
did not affect the validity of the decree, the deficiency in the
allegations in this respect having been supplied by the proof.

p. 673

That the decree directed the sale to be made by a receiver
previously appointed to collect the rents of the property, instead
of naming a trustee to make the sale, did not affect the title
to be conveyed to the purchaser.     p. 673

It is only when the decree is absolutely void, because of a
complete want of jurisdiction, that its validity can be disputed
by a purchaser at the sale which it authorized.     p. 673

*Decided November 17th, 1922.*

Appeal from the Circuit Court of Baltimore City (STUMP, J.).

Exceptions by R. E. L. Young to ratification of a sale to him, made by Adolph V. Diedel, receiver, under a decree rendered in the case of Adolph V. Diedel against Charles Diedel and others. From an order overruling the exceptions, the exceptant appeals. Affirmed.

The cause was submitted on briefs to BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*W. M. Travers, Richard E. Preece* and *R. E. Lee Young,* for the appellant.

*David Ash,* for the appellee.

URNER, J., delivered the opinion of the Court.

The purchaser of the property decreed to be sold in this case excepted to the ratification of the sale, on the theory that the court was without jurisdiction to pass the decree. The appeal is from an order overruling the exceptions and ratifying the sale.

It was expressly determined by the decree that the real estate to which it referred could not be divided in kind among the parties to the cause, who owned the property as tenants in common, and the evidence in the case fully justified that conclusion, but the bill of complaint omitted an allegation that such a division could not be made without loss or injury to the parties interested. The contention is that an averment to that effect was essential to meet the requirements of section 137 of article 16 of the Code, which provides as follows:

> "The court may decree a partition of any lands or any right therein, on the bill or petition of any joint tenant or tenant in common, or if it appear that said lands or right therein cannot be divided without loss

or injury to the parties interested, the court may decree a sale thereof, and a division of the money arising from such sale among the parties, according to their respective rights."

The property decreed to be sold consisted of irredeemable ground rents in two lots of ground in the City of Baltimore, which the parties to the cause claimed as heirs at law of a deceased grantee, to whom the property had been conveyed by a deed which was a proper subject of judicial construction in regard to the question as to whether it granted a fee simple or a life estate. It was the purpose of the bill of complaint to have the deed construed, and, if the title were adjudged to have vested in the grantee in fee simple, then to have the property sold and the proceeds divided among the grantee's heirs at law, all of whom were parties to the proceeding. The bill also requested the appointment of a receiver to collect the ground rents, and sell the property, under the court's direction. A receiver was duly appointed, by an interlocutory order, to collect the rents, and by the final decree he was further empowered and directed to make the sale which is the subject of the pending exceptions.

The court unquestionably had jurisdiction in the case for the purpose of construing the deed upon which the title of the parties to the suit depended. Equitable jurisdiction having been invoked and assumed for that purpose, it could rightfully be retained and exercised to the end that other suitable relief might be afforded. *Linthicum* v. *Wash., B. & A. Elec. R. R. Co.,* 124 Md. 263; *Shipley* v. *Fink,* 102 Md. 219. It has been held that the test of jurisdiction is to determine whether a demurrer to the bill could properly have been sustained. *Slingluff* v. *Stanley,* 66 Md. 225; *Johnson* v. *Hoover,* 75 Md. 486; *Scarlett* v. *Robinson,* 112 Md. 202. But it has also been decided that while a demurrer is the test of jurisdiction where the question must be considered solely upon the allegations of the bill, and the decree is not supported by adequate evidence, it would not be proper to make

such a test conclusive, as against jurisdiction, in a case where the decree is supported by proof of the requisite jurisdictional facts, and no question as to the sufficiency of the bill was raised before the decree was passed. *Beggs* v. *Erb,* 138 Md. 345. In the absence of such an objection, it is the right and duty of the court to base its decree upon the evidence, without regard to the allegations of the bill of complaint. *Schroeder* v. *Loeber,* 75 Md. 202; *Gerting* v. *Wells,* 103 Md. 637; *Shugars* v. *Shugars,* 105 Md. 344; *Reed* v. *Reed,* 109 Md. 695; *Equitable Ice Co.* v. *Moore,* 127 Md. 322.

The present bill would successfully meet the test of a demurrer. Its averments were clearly sufficient to support the jurisdiction it invoked for the primary purpose to which it was directed. Any deficiency in its allegations with respect to the conditions under which a sale might be decreed was supplied by the proof. There was consequently a jurisdictional basis for all of the relief which the decree granted.

The fact that the decree directed the sale to be made by the receiver previously appointed, instead of naming a trustee for that purpose, does not affect the title to be conveyed to the purchaser. The statute authorized the court to decree a sale, if it appeared that the property could not be divided without loss or injury to the parties interested, and that is what the decree accomplished. No question of jurisdiction arises because of the particular provision made by the decree for the sale of the property. It would be only in the event that the decree was absolutely void, because of a complete want of jurisdiction, that its validity could be disputed by a purchaser at the sale which it authorized. *Hamilton* v. *Traber,* 78 Md. 28; *Scarlett* v. *Robinson, supra.* The decree in this case is not a proper subject for such a contention.

*Order affirmed, with costs.*