HIRAM L. COOK *vs.* JOHN E. COOK, executor.

Worcester. September 24, 1935. — December 30, 1935.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Deed,* Property conveyed.

On the issue whether deeds of a large farm given in partition proceedings thereof, in which deeds the description was in general terms, included a certain parcel which had been part of the farm, the finding of an auditor whose findings were to be final and who heard unreported evidence bearing on the issue, disclosed no error and was decisive.

CONTRACT. Writ dated May 12, 1933.

The defendant pleaded and relied upon the statute of limitations. In the Superior Court, the action was referred to an auditor whose findings were to be final. Judgment for

the defendant was ordered upon the auditor's report by *Williams*, J. The plaintiff alleged exceptions.

*C. E. Tupper*, for the plaintiff.

*M. A. Moore*, for the defendant.

LUMMUS, J. Edward O. Cook, the defendant's testator, as early as 1881 was tenant in common with his brother Hiram L. Cook, the plaintiff, of a farm in Winchendon which descended from their father Martin Cook. It had been the farm of his father John Cook, had passed into different ownerships, and had been reunited in the ownership of Martin Cook by two deeds of which the later was the deed in 1856 of the Foster lot, hereinafter mentioned. Edward O. Cook did not live in Winchendon, and the plaintiff looked after the farm.

On May 12, 1933, the plaintiff brought this action of contract upon an account annexed containing seventy-eight items, exclusive of interest, beginning in 1881. In general these items were for labor performed and money paid for the defendant's testator with respect to the farm. Item 83, added by amendment, was for services which, the auditor found, ended in 1922. By agreement, and the terms of the reference, his findings of fact were final. The most recent item of charge, with one exception, is item 67, for paying taxes for the defendant's testator in 1922. That exception is item 74, for timber cut in 1927 and 1928 by the defendant's testator on the Foster lot, which the plaintiff contends remained in common ownership. Items 68–73 inclusive, and 75–78 inclusive, are credits given by the plaintiff to the defendant's testator, principally for taxes paid by the defendant's testator from 1923 to 1931 on the same Foster lot.

Obviously, item 67 and the earlier items of the account, if they stood alone, would be barred by the statute of limitations. The plaintiff seeks to use the later items, 68–78 inclusive, to preserve the whole account, on the theory that the account is a " mutual and open account current." G. L. (Ter. Ed.) c. 260, § 6. We assume, without deciding, that the account is of that nature. *Howland* v. *Stowe*, 290 Mass. 142. *Markiewicz* v. *Toton*, 292 Mass. 434. Unless

these later items are rightly charged or credited, the earlier items are not preserved, and the plaintiff cannot recover. The defendant contends that the Foster lot, to which the later items relate, was included in the deed of a commissioner given under a decree for partition in the Probate Court and a confirmatory deed given by the plaintiff himself, whereby in 1923 the farm theretofore held in common became vested in the defendant's testator alone. If so, the later items in the account have no foundation, and cannot save the earlier items.

The decisive question is, therefore, whether the deeds given in 1923 conveyed the Foster lot to the defendant's testator. The commissioner's warrant and deed contained the following general description of the whole tract and the following specific boundaries of the first parcel within which the Foster lot was included if it passed at all: "That certain tract of land with the buildings thereon which lies North of the old county road leading from Ashburnham to Winchendon, known as the John Cook farm, comprising one hundred thirty (130) acres, more or less, lying on both sides of the Cheshire Branch of the Boston and Maine Railroad and described in two parcels as follows: First. Bounded on the West by land now or formerly of Joseph Whitney, on the North by land of the Boston and Maine Railroad, on the East by land now or formerly of Beals and Dwinnel, and on the South by land now or formerly of Reuben Bemis." The auditor finds that the Foster lot was included in "the John Cook farm." The Foster lot bounded southerly on land now or formerly of Reuben Bemis, and the parcel marked "First" had the same southerly boundary. The record does not show that Reuben Bemis ever had any land north of the road. The auditor heard evidence not reported as to the location of the various parcels of the farm and of the lands of adjoining owners, and found that the Foster lot was included in the parcel marked "First." Nothing in the record enables us to say that this finding was wrong. *Holmes* v. *Barrett*, 269 Mass. 497, 502. It is unlikely that the parties to the partition intended to leave undivided a part of the farm held in common. *Barnes*

*v. Boardman,* 157 Mass. 479. *Cressey* v. *Cressey,* 215 Mass. 65. Everything is consistent with the inclusion of the Foster lot in the parcel marked "First" except the general recital that the tract conveyed lies north of the road. That recital may be disregarded as an error. *Presbrey* v. *Presbrey,* 13 Allen, 281, 283. *Crabtree* v. *Miller,* 194 Mass. 123, 126. *Pettis* v. *Kellogg,* 7 Cush. 456, 460. *E. M. Blunt Inc.* v. *Giles,* 288 Mass. 515.

Moreover, the auditor committed no error in deciding that the confirmatory deed given by the plaintiff himself in 1923 conveyed the Foster lot to the defendant's testator. That deed conveyed "all my rights, title and interest in a certain farm with the buildings thereon, situated in Winchendon, and known as the John Cook farm, containing about one hundred thirty acres (130) more or less, lying north of the old County road." For reasons already stated, the last recital quoted may be disregarded. The residue of the description included the Foster lot.

Although the judge arrived at a decision in favor of the defendant in a different way from that adopted by the auditor and this court, his result was right. *Weidman* v. *Weidman,* 274 Mass. 118, 125. *Slocum* v. *Natural Products Co.* 292 Mass. 455, 458.

*Exceptions overruled.*