Moore, J.
This was an action of contract and tort in two counts in which the plaintiff sought to recover damages for the loss of his parlor set by fire while the parlor set was in the possession and control of the defendant.
The defendant’s answer is a general denial and plea of payment.
The plaintiff waived Count 1. of his declaration and relied on Count 2. being in contract.
The action was tried on an agreed statement of facts as follows: “In November, 1948 the plaintiff requested his daughter to call the defendant to have his three-piece parlor set picked up, cleaned and delivered back. The defendant agreed and the consideration was to be $20.00. On December 5, 1948 there was a fire at the defendant’s place of business. The defendant then informed the plaintiff that his property had been totally destroyed. The defendant has not replaced or paid for the furniture. ’ ’
Despite the agreed statement of facts the Court made a finding of fact that the said picking up and re-delivery of *78 the said parlor set was a matter of convenience and not an element of the agreement to clean the said set. The Court also made a specific finding that the loss of the parlor set was not due to any negligence upon the part of the defendant.
It is fundamental that the Court could not find a fact in direct contradiction to the agreed facts and make a new contract for the parties. Cobb v. Library Bureau, 268, Mass. 311, 316.
The plaintiff seasonably made the following request for ruling:
“If the Court finds that the defendant entered into an agreement with the plaintiff, his agent or servant, to pick up at the plaintiff’s residence, to clean and return to the plaintiff’s residence for a valuable consideration the plaintiff’s threerpiece parlor set; and if the Court further finds that the defendant has failed to deliver the said furniture to the plaintiff’s residence in fulfillment of the agreement the judgment must be for the plaintiff, despite the fact that the defendant is unable to perform his agreement because the said furniture has been destroyed by fire. ’ ’
This request was granted by the Court. The granting of the request constituted error unless the defendant had warranted the re-delivery of the parlor set.
It is well settled that “where from the nature of the contract it appears that the parties must from the beginning have contemplated the continued existence of some particular specified thing as the foundation of what was to be done, then, in the absence of any warranty that the thing shall exist, the contract is to be construed not as a positive contract, but as subject to an implied condition that the parties shall be excused in case before breach, performance becomes impossible from the accidental perishing of the thing without the fault of either party.” Hawkes v. Kehoe, 193, Mass. 419, 423.
*79 The Court ultimately found for the defendant.
Although the Court made two errors in arriving at its final decision, it would seem that if this ultimate finding was correct, as a matter of law, which we do find, then it would seem useless to send this case hack for a new trial in view of the fact that it was tried on a statement of agreed facts.
A party whose case has been rightly decided according to law on facts duly established is not aggrieved. Slocum v. Natural Products Co., 292 Mass. 455, 458; Cook v. Cook, 293 Mass. 29, 32.
There being no prejudicial error, the order should be Report Dismissed.