BOWERS ET AL. *v.* BALTIMORE GAS &
ELECTRIC COMPANY

[No. 256, September Term, 1961.]

*Decided May 18, 1962.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, HAMMOND, HORNEY and MARBURY, JJ.

*Kenneth C. Proctor* and *Claude A. Hanley,* with whom were
*Proctor, Royston & Mueller,* and *Richard A. Reid* on the
brief, for appellants.

*Paul S. Clarkson* and *Benjamin Chambers,* with whom were
*Alfred P. Ramsey* and *James H. Cook* on the brief, for ap-
pellee.

HORNEY, J., delivered the opinion of the Court.

This is the third of a series of appeals arising out of the grant
of an easement by Mary Ann Burnham to the Baltimore Gas

and Electric Company (the company)[1] for the erection, operation and maintenance of a power transmission line across a tract of land in Baltimore County, now owned by the descendents of the grantor (the Burnhams) and the heirs of Priscilla Lee (the Lees) as tenants in common, Priscilla Lee not having joined in the grant.

On the first appeal (*Burnham v. Balto. Gas & Electric Co.,* 217 Md. 507, 144 A. 2d 80), an ejectment proceeding, we held that the Burnhams were bound by the easement granted by their ancestor and that the Lees were not bound because one· tenant in common could not grant an easement that would bind the cotenants.

On the second appeal (*Baltimore G. & E. Co. v. Bowers,* 221 Md. 337, 157 A. 2d 610), a partition proceeding, we held that the company had a right to require the Burnhams to seek partition in kind and remanded the case for further proceedings.·

Upon remand, the lower court, by its commission to make partition, appointed three commissioners and commanded them to. "value and divide" the tract in kind "according to the rights and interests" of the parties if it would "admit of being so divided without loss or injury" to any of the parties. Specifically, the commissioners were, among other things, directed (1) to determine the fair market value of the tract as if the transmission. line and right of way did not exist; (2) to allot to the Lees, unencumbered by the easement, such portion of the tract as would (when each was allotted his or her aliquot share) aggregate one-half of the value of the entire tract; (3)·to assign the remainder of the tract to the Burnhams without regard to depreciation in value by reason of the easement; and (4) if necessary to arrive at an equitable partition, to reserve rights of way across any part of the tract and to award owelty to one or more of the parties in interest.

In returning the commission to partition, the commissioners unanimously reported to the court that the tract could not be divided in kind "without loss or injury to some parties in in-

---

1. The grant was made by a deed to the Consolidated Gas Electric Light & Power Company, dated November 11, 1924.

terest." The company, alleging error on the part of the commissioners and asserting that partition could have and should have been made in kind, filed exceptions to the return of the commissioners. But the court, by its decree, overruled the exceptions, ratified and confirmed the return, and appointed trustees to sell the tract of land subject to the easement of the company. With respect to the division of the money arising from the sale, the court further decreed that after the payment of costs, commissions and other proper deductions, the Lees should be awarded one-half of the amount the tract would have brought if sold free and clear of the easement; and that the remainder of the money arising from the sale should be awarded to the Burnhams.

All of the defendants (the Burnhams and the Lees) noted an appeal and the plaintiff (the company) entered a cross-appeal. The principal questions raised by these appeals are: (i) whether the lower court erred in ratifying the return and report of the commissioners; and (ii) whether the court erred in directing a sale of the tract subject to the easement.

(i)

Inasmuch as the company concedes that it will not be necessary to consider its contentions as to this point (i) concerning the ratification and confirmation of the return of the commissioners if point (ii) is answered in the affirmative, as it must be, we need only note that the general rule is that in the absence of "clear and satisfactory evidence of error" a court cannot substitute its judgment for that of the commissioners and set aside a partition. See *Claude v. Handy*, 83 Md. 225, 34 Atl. 532 (1896); *Basford v. Cranford*, 125 Md. 15, 93 Atl. 295 (1915). And we see no reason for a different rule in a case where the commissioners, having expressed the reasons therefor, reach the conclusion that partition in kind is not feasible, as was the case here. Cf. *Crouch v. Smith*, 1 Md. Ch. 401 (1849). And see the Annotation: *Partition-Decision of Commissioners*, 46 A.L.R. 348.

(ii)

As to whether the court erred in decreeing a sale of the tract subject to the easement in lieu of a partition in kind,

the claim of the Burnhams and the Lees is that the grantee of an easement from one cotenant cannot force a sale of property subject to such easement against the will of the other cotenants. On the other hand, the company contends that a judicial sale of the land subject to the easement and an equitable division of the proceeds among the Lees and Burnhams is unavoidable. We agree with the position taken by the company.

The claim of the appellants that the company is not entitled to seek a partition sale subject to the easement is based on the premise that the company, being neither a joint-tenant, a tenant in common, a parcener nor a concurrent owner, is without standing to compel partition in its own right, but this overlooks the fact that inasmuch as the company had a derivative right to require the Burnhams to seek partition in kind, there is no reason, as the chancellor pointed out, now that it has been established that partition in kind is not feasible, why the company, in the further exercise of that right, cannot compel the Burnhams to bring about a sale of the tract subject to the easement. In fact, it is clear that the court itself, having acquired jurisdiction over the parties and the subject matter, has authority to decree a sale and an equitable division of the proceeds without further action on the part of any of the parties. Code (1957), Art. 16, § 154.

In *Johnson v. Hoover*, 75 Md. 486, 23 Atl. 903 (1892), this Court, in pointing out that partition was an "undeniable right if feasible," said (at p. 492) that where partition is "found to be impossible, the right to a sale under the statute as the only means of effecting partition, became equally undeniable." The Court concluded the opinion by further pointing out that *Bolgiano v. Cooke*, 19 Md. 375 (1863), had established that "the report of the commissioners was competent evidence to satisfy the [lower] court of the necessity for sale to be made to effect partition." See also *Young v. Diedel*, 141 Md. 670, 119 Atl. 448 (1922), where it was held that jurisdiction having been assumed, any suitable relief may be afforded. And for a general discussion of the law governing the sale of land when partition in kind is not feasible, see 40 Am. Jur., *Partition*, § 83.

With respect to a sale subject to the easement, we repeat what was probably first said in *Story v. Johnson*, 1 Y. & C. Ex. 538 (1835), 2 Y. & C. Ex. 586 (1837), that the "Court, in decreeing a partition, does not act ministerially and in obedience to the call of those parties who have right to partition, but founds itself upon its general equitable jurisdiction," and will "adjust the equitable rights of all the parties interested in the estate." Walker, *Law and Practice of Partition [in England]* (2nd ed. 1882), p. 12; 2 Story, *Equity Jurisprudence* (14th ed. 1918), § 891; *Young v. Frost*, 1 Md. 377, 398 (c. 1851); *Dugan v. Baltimore*, 70 Md. 1, 8, 16 Atl. 501 (1889). And see *Meyers v. East End Loan & Sav. Ass'n*, 139 Md. 607, 613, 116 Atl. 453 (1922), holding that courts of equity do not hesitate to adapt their methods to the exigencies of justice or to protect the equitable rights of those concerned; and *Cook v. Boehl*, 188 Md. 581, 590, 53 A. 2d 555 (1947), where it was said that a court of equity will "ordinarily retain jurisdiction for all purposes, deciding all issues raised by the subject-matter of the dispute between the parties, and award complete relief, even as to matters over which the Court would not have had jurisdiction originally, thus disposing finally of the litigation and accomplishing complete justice between the parties."

Since a court of equity has the power and authority to protect the equitable rights of all of the parties, we see no reason why the tract of land should not be sold subject to the easement if a sale can be had without injury or prejudice to the rights of the Lees.[2]

---

2. In reaching this conclusion, we have not overlooked the early cases cited by the appellants—such as *Bartlet v. Harlow*, 12 Mass. 348 (1815); *Great Falls Co. v. Worster*, 15 N. H. 412 (1844); *Ballou v. Hale*, 47 N. H. 347 (1867); *Finch v. Green*, 80 N. E. 318 (Ill. 1907), and *Cressey v. Cressey*, 102 N. E. 314 (Mass. 1913)—which in effect state that an attempted conveyance by a co-owner of a part of the common land is void, or is void as to the cotenants of the conveyor, or declare that a subsequent partition among original owners is to be made precisely as though the conveyance had not been made, but inasmuch as the courts in general now recognize that the grantee is equitably entitled to have partition if that be possible without prejudice to the nonconveying owners, we do

There is a claim that a sale subject to the easement will deprive the Lees of the right to have their interest in the strip of land within the boundaries of the right-of-way condemned for the quasi-public use to which it has been and will be subjected, but inasmuch as the decree of sale provides that the Lees shall be allotted out of the proceeds of sale a sum equal to one-half of the amount the tract would bring if sold free and clear of the easement, it is apparent that the Lees will not be injured or prejudiced by a sale subject to the easement. This claim is therefore without merit.

There is also a claim that a sale subject to the easement without the consent of the appellants would be contrary to the rule against partial partition. This contention is based on the theory (citing *Dugan v. Mayor & C. C. of Baltimore,* 70 Md. 1, and quoting *Blake v. Gorsuch,* 166 Md. 647, 656, as authority therefor) that "nothing less than all interests" can be sold for the purposes of partition. But the *interests* the courts were concerned with in those cases were the undivided interests of the several cotenants and not the interest of the holder of an easement or an encumbrance. This claim also lacks merit.

There is a further claim that a sale subject to the easement would be contrary to the terms and provisions of § 154 (of Art. 16). The basis for this contention is that since an easement is generally considered to be the equivalent of an encumbrance, the easement of the company must be treated as an encumbrance, but even if this be so, this claim, as were the two previous ones, is likewise without merit under the circumstances in this case. While the statute does provide

not find the earlier cases persuasive, for it appears that the decisions in such cases were based on the principle that to allow a grantee to partition would in every case work a hardship on the original cotenants. Moreover, the rule, even then, in some of the early cases was more flexible than the rule advocated by the appellants. See, for instance, *Campan v. Godfrey,* 18 Mich. 27 (1869), where it was pointed out that the only ground on which a conveyance by one cotenant can be held inoperative, is the injury it might do to other cotenants in partition by reducing the value of the aliquot share of such other cotenants.

that a person holding a mortgage or other encumbrance on the land or an undivided interest therein *may* be made a party to a partition proceeding to the end that the land or interests therein shall be sold free and clear of such liens and encumbrances and the rights of such lienors protected in the distribution of the proceeds, we find nothing in the statute precluding a sale of land subject to an easement. In the first place, the statute does not require that a holder of a mortgage or other encumbrance *must* in all cases be made a party to a partition proceeding for the sale of land. Furthermore, even though the company is a party to this proceeding, it appears that the sale of the tract subject to the easement in order to protect the rights of the company will not have the effect of diminishing the value of the interests of the Lees since the decree, as we have seen, specifically provides otherwise. In addition to this, since a person holding a mortgage or other encumbrance is entitled to have his rights protected in the event of a partition sale, there is no reason, under the circumstances in this case, why the rights of the company should not be protected by a sale of the tract subject to its easement. In *Kennedy v. Boykin,* 14 S. E. 809 (S. C. 1892), where a tenant in common gave a mortgage on a specific part of common property (described by metes and bounds) under a belief that he owned the whole in severalty, it was held that the mortgagee had an equity to require, as far as practicable, the application of the same equitable principles in case of a sale as in a case of a partition in kind, provided a separate sale of the mortgaged premises could be had without prejudice to the interests of the other cotenants. See also the Annotation: *Grant by Cotenant-Partition,* 77 A.L.R. 2d 1376. While the annotation merely refers to an "equitable partition" where one cotenant had conveyed away an easement (equitable in that the rights of the other cotenants are not to be injured by the grant), we see no difference when partition is not possible and a sale is necessary. Here, it was only necessary that the rights of the Lees be protected in the distribution of the proceeds of sale, cf. *Keneaster v. Erb,* 92 Atl. 377 (N. J. 1914), and this has been done: it was for this reason that the chancellor provided in the decree that the Lees should be awarded

one-half of the amount the tract would have brought if sold free and clear of the easement.

Since we shall affirm the decree for the reasons herein stated, it is not necessary for us to decide the further question [3] of whether the company had standing in its own right (either as a cotenant by operation of law or as a concurrent owner under § 154 of Art. 16) to force a partition sale.

*Decree affirmed; Appellants to
pay the costs.*

---

[3]. A similar question with respect to partition in kind was left open in the second appeal. See *Baltimore G. & E. Co. v. Bowers,* 221 Md. 337, 344.