T.C. Memo. 2017-70

UNITED STATES TAX COURT

JOHN E. WAINWRIGHT, KEERTI VARMAA, NEXT FRIEND, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 27381-14.　　　　　　　　　　Filed April 25, 2017.

Keerti Varmaa (specially recognized), for petitioner.

William J. Gregg and Bartholomew Cirenza, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

RUWE, Judge: Respondent determined deficiencies in petitioner's Federal income tax and accuracy-related penalties as follows:

| Year | Deficiency | Accuracy-Related Penalty Sec. 6662(a) |
|---|---|---|
| 2010 | $23,015.04 | $4,603.01 |
| 2011 | 17,126.00 | 2,525.20 |
| 2012 | 3,647.00 | 729.40 |

[*2] After concessions, the issues remaining for decision are:[1] (1) whether the statute of limitations bars assessment of petitioner's income tax liability for the taxable year 2010; (2) whether petitioner is entitled to mortgage interest deductions claimed on Schedules A, Itemized Deductions, for the taxable years 2010 and 2011; (3) whether petitioner is entitled to certain expense deductions claimed on Schedules E, Supplemental Income and Loss, for the taxable years 2010, 2011, and 2012; (4) whether petitioner is entitled to automobile depreciation expense deductions claimed on Schedules C, Profit or Loss From Business, for the taxable years 2010, 2011, and 2012; (5) whether petitioner is entitled to a residential energy credit of $1,500 for the taxable year 2010; (6) whether petitioner is entitled to a $9,450 charitable contribution deduction claimed on Schedule A for the taxable year 2010; (7) whether petitioner is entitled to a $17,301 casualty loss deduction claimed on Schedule A for the taxable year 2010;

---

[1]Petitioner concedes that he: (1) received a $45,000 taxable distribution from an individual retirement account (IRA) in 2011; (2) erroneously claimed a deduction for motor vehicle purchase taxes for 2010; and (3) improperly claimed deductions for unreimbursed employee expenses for 2010, 2011, and 2012. Respondent concedes that State income tax of $4,500 was withheld from the IRA distribution and further concedes that petitioner is entitled to the claimed mortgage interest deduction for the taxable year 2012.

**[*3]** and (8) whether petitioner is liable for accuracy-related penalties under section 6662(a)[2] for the taxable years 2010, 2011, and 2012.

Keerti Varmaa serves as petitioner's "next friend" pursuant to Rule 60(d).

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference.

At the time the petition was filed, petitioner resided in Washington, D.C.

Petitioner was employed by Lockheed Martin as an aerospace professional until his retirement on January 15, 2010. Petitioner is a veteran of the U.S. Air Force.

Petitioner and Ms. Varmaa have been friends for over 35 years and have worked and lived together. Before she met petitioner, Ms. Varmaa purchased property at 8515 Rayburn Road in Bethesda, Maryland (Rayburn property), for approximately $95,000. In 2006 petitioner and Ms. Varmaa refinanced the Rayburn property as coborrowers in order to make renovations. On September 5, 2009, a kitchen fire occurred at the Rayburn property.

---

[2]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[*4] Petitioner resided in the Rayburn property during 2010 and 2011 and paid the mortgage payments and maintained the property during those years. Petitioner and Ms. Varmaa also coown properties at 4000 Cathedral Avenue, N.W., and 1111 25th Street, N.W. (25th Street property), Washington, D.C.

During the taxable year 2011 petitioner received a distribution from his IRA of $45,000 from Pershing, LLC. State income tax of $4,500 was withheld from the IRA distribution.

Petitioner timely filed a Form 1040, U.S. Individual Income Tax Return, for the taxable year 2010 on October 11, 2011, reporting wages of $65,719.33.[3] Petitioner claimed the following itemized deductions on his 2010 return: (1) a home mortgage interest deduction of $37,517 pertaining to the Rayburn property; (2) a charitable contribution deduction of $9,450;[4] (3) a deduction for taxes paid of $28,273;[5] and (4) a casualty and theft loss deduction of $22,177. On Schedule C for 2010 petitioner reported zero gross income and claimed a depreciation expense

_____

[3]Petitioner submitted an amended return for the taxable year 2010 on June 3, 2013.

[4]Petitioner claimed that $2,460 was contributed in cash or by check and $6,990 was contributed by a method other than cash or check.

[5]This amount consists of State/local income taxes of $11,883, real estate taxes of $11,502, and new motor vehicle taxes of $4,888. Petitioner concedes respondent's disallowance of the deduction for new motor vehicle taxes.

[*5] deduction of $11,094. Petitioner also claimed a residential energy credit of $1,500, purportedly from the installation of energy-efficient windows and other "energy saving assets" in the Rayburn property.

Petitioner timely filed a Form 1040 for the taxable year 2011, reporting zero wages.[6] Petitioner claimed an itemized deduction for home mortgage interest of $33,696 pertaining to the Rayburn property. On Schedule C for 2011 petitioner reported zero gross income and claimed a depreciation expense deduction of $17,751.

Petitioner timely filed a Form 1040 for the taxable year 2012, reporting zero wages.[7] Petitioner claimed an itemized deduction for home mortgage interest of $22,620 pertaining to the 25th Street property. On Schedule C for 2012 petitioner reported zero gross income and claimed a depreciation expense deduction of $10,650.

On August 11, 2014, respondent issued to petitioner a notice of deficiency for the taxable years 2010, 2011, and 2012, disallowing certain deductions and

---

[6]Petitioner submitted amended and reamended tax returns for the taxable year 2011 on June 3, 2013, and July 16, 2014, respectively.

[7]Petitioner submitted an amended return for the taxable year 2012 on June 3, 2013.

**[*6]** credits that petitioner claimed in his original tax returns. Petitioner timely filed a petition with this Court.[8]

## OPINION

As a general rule, the Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that the determinations are in error. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a)(1), the burden of proof with respect to relevant factual issues may shift to the Commissioner if certain criteria are satisfied. Section 7491(a)(2) provides that the burden of proof shifts to the Commissioner only when the taxpayer has: (1) "complied with the requirements under this title to substantiate any item" and (2) "maintained all records required under this title and has cooperated with reasonable requests by the Secretary for witnesses, information, documents, meetings, and interviews". Petitioner has not complied with the substantiation requirements of section 7491(a)(2)(A), nor has he maintained all records as required by section 7491(a)(2)(B). Therefore we hold that section 7491(a) does not apply to shift the burden of proof to respondent.

---

[8]Petitioner erroneously indicated on his petition that he is disputing a notice of determination rather than a notice of deficiency.

[*7]   The notice of deficiency makes adjustments to petitioner's original tax returns.  Petitioner asserts that respondent should disregard the original returns and make adjustments to the amounts on the amended returns.  We will address the parties' arguments as they pertain to the notice of deficiency, which is based on petitioner's original returns.

1.  Statute of Limitations

Petitioner argues that the statute of limitations on assessment for his taxable year 2010 expired before the Internal Revenue Service (IRS) issued the notice of deficiency.  Specifically, petitioner argues that the statute of limitations for his taxable year 2010 expired on April 15, 2014, and therefore the August 11, 2014, notice of deficiency was issued beyond the limitations period.

As a general rule, section 6501(a) requires that any tax be assessed within three years after the return was filed.  The parties stipulate that petitioner timely filed his 2010 tax return on October 11, 2011.  On August 11, 2014, the IRS issued to petitioner a notice of deficiency for the taxable years 2010, 2011, and 2012.  Because the notice of deficiency was issued within three years of the date that petitioner filed his 2010 tax return (i.e., October 11, 2011), the statute of limitations is not a bar to assessment for the taxable year 2010.

**[*8]** 2. <u>Mortgage Interest Deduction</u>

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving entitlement to any deduction claimed. Rule 142(a); <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934). Section 6001 requires the taxpayer to maintain records sufficient to establish the amount of each deduction. <u>See also</u> sec. 1.6001-1(a), Income Tax Regs.

In the notice of deficiency respondent disallowed petitioner's claimed mortgage interest deductions of $37,517 for 2010 and $33,696 for 2011.[9]

Section 163(h)(1) generally disallows a deduction for personal interest. An exception to this rule is qualified residence interest. Sec. 163(h)(2)(D). Qualified residence interest includes amounts paid or accrued during the taxable year on acquisition indebtedness. Sec. 163(h)(3)(A). Acquisition indebtedness means any indebtedness that is incurred in acquiring, constructing, or substantially improving any qualified residence of the taxpayer and is secured by the residence. Sec. 163(h)(3)(B)(i). A qualified residence includes the principal residence of the taxpayer. Sec. 163(h)(4)(A). Thus, interest paid on a mortgage secured by a

---

[9]In the notice of deficiency respondent also disallowed petitioner's claimed mortgage interest deduction of $22,620 for 2012. On brief respondent concedes petitioner's entitlement to this amount.

**[*9]** qualified residence is excluded from the definition of personal interest and is therefore deductible.  See sec. 163(h)(2) and (3).

To meet the requirements of section 163, the mortgage must be the obligation of the taxpayer claiming the deduction, not the obligation of another. Golder v. Commissioner, 604 F.2d 34, 35 (9th Cir. 1979), aff'g T.C. Memo. 1976-150; Hynes v. Commissioner, 74 T.C. 1266, 1287 (1980).  However, section 1.163-1(b), Income Tax Regs., provides in pertinent part:  "Interest paid by the taxpayer on a mortgage upon real estate of which he is the legal or equitable owner, even though the taxpayer is not directly liable upon * * * such mortgage, may be deducted as interest on his indebtedness."  We have disallowed a deduction for mortgage interest where the taxpayer is unable to establish legal or equitable ownership of mortgaged property.  See Daya v. Commissioner, T.C. Memo. 2000-360, 2000 Tax Ct. Memo LEXIS 427.

State law determines the nature of property rights, and Federal law determines the appropriate tax consequences of those rights.  United States v. Nat'l Bank of Commerce, 472 U.S. 713, 722 (1985); Blanche v. Commissioner, T.C. Memo. 2001-63, aff'd, 33 F. App'x 704 (5th Cir. 2002).  The Rayburn property is in Maryland, and therefore Maryland law governs the property rights in this case.  In Maryland property is defined as "real property or any interest therein

**[*10]** or appurtenant thereto." Md. Code Ann., Real Prop. sec. 1-101(k) (West 2016). Maryland courts have recognized equitable interests in property and held that owners of real property are not limited exclusively to holders of legal title. See Triantis v. Triantis, 968 A.2d 154, 160 (Md. Ct. Spec. App. 2009).

A taxpayer becomes the equitable owner of property when he or she assumes the benefits and burdens of ownership. See Baird v. Commissioner, 68 T.C. 115, 124 (1977); Blanche v. Commissioner, T.C. Memo. 2001-63. The Court considers certain factors to determine whether a taxpayer has assumed the benefits and burdens of ownership, including: (1) whether the taxpayer had the right to possess the property and to enjoy the use, rents, and profits thereof; (2) whether the taxpayer had the duty to maintain the property; (3) whether the taxpayer was responsible for insuring the property; (4) whether the taxpayer bore the risk of loss of the property; (5) whether the taxpayer was obligated to pay taxes, assessments, and charges against the property; (6) whether the taxpayer had the right to improve the property; and (7) whether the taxpayer had the right to obtain legal title to the property at any time by paying the balance of the purchase price. Blanche v. Commissioner, T.C. Memo. 2001-63, 2001 Tax Ct. Memo LEXIS 78.

We find that petitioner was the equitable owner of the Rayburn property for the taxable years 2010 and 2011. Ms. Varmaa testified credibly that she and

[*11] petitioner had an understanding that he had an equitable interest in the Rayburn property. Petitioner is a coborrower on the mortgage loan for the Rayburn property, and he resided in and maintained the Rayburn property in 2010 and 2011. At trial respondent conceded that petitioner made the monthly mortgage payments for the Rayburn property in 2010 and 2011. CitiMortgage, Inc. (CitiMortgage), required petitioner to sign the mortgage note. CitiMortgage issued to Ms. Varmaa and petitioner Forms 1098, Mortgage Interest Statement, for the taxable years 2010 and 2011 reporting mortgage interest paid of $37,516.72 and $33,695.11, respectively. Accordingly, we hold that petitioner had an equitable ownership interest in the Rayburn property in 2010 and 2011 and is therefore entitled to deductions for mortgage interest of $37,516.72 for 2010 and $33,695.11 for 2011.

3. Schedule E Expenses

Respondent disallowed petitioner's claimed Schedule E expense deductions of $21,016 for 2010, $13,065 for 2011, and $16,602 for 2012. Petitioner offered no testimony or other evidence explaining these claimed expense deductions. In his posttrial brief petitioner appears to concede respondent's disallowance of petitioner's claimed Schedule E expense deductions, stating: "Petitioner has corrected the erroneous Schedule E by removing it from the Amended

[*12] returns."[10]  Accordingly, we sustain respondent's disallowance of

petitioner's claimed Schedule E expense deductions for the years in issue.

4.  Schedule C Depreciation

To be deductible, vehicle expenses must be incurred in the pursuit of a trade

or business.  Sec. 162(a).  Automobile depreciation is permitted as a deduction

only if the automobile is used in the pursuit of a trade or business or for the

production of income.  Sec. 167(a).  The ownership and maintenance of the

property must relate primarily to a business or a profit-making endeavor rather

than a personal purpose.  Chapman v. Commissioner, 48 T.C. 358, 366 (1967).  If

the acquisition and maintenance of property such as an automobile are primarily

profit motivated and personal use is distinctly secondary and incidental,

deductions for maintenance, expenses, and depreciation will be permitted; if

acquisition and maintenance are motivated primarily by personal considerations,

deductions are disallowed; and if substantial business and personal motives exist,

---

[10]The adjustments to petitioner's tax returns in the notice of deficiency are based on his original tax returns for the years in issue.  At trial and on brief petitioner asserts that respondent should disregard the original returns and make adjustments to the amounts on the amended returns.  We note that the IRS is not required to accept amended returns.  See Badaracco v. Commissioner, 464 U.S. 386, 393 (1984) (citing Hillsboro Nat'l Bank v. Commissioner, 460 U.S. 370, 378-380 n.10 (1983)).  We address the adjustments in the notice of deficiency, giving due regard to any concessions petitioner made in the amended returns.

[*13] allocation becomes necessary. Int'l Trading Co. v. Commissioner, 275 F.2d 578, 584-587 (7th Cir. 1960), aff'g T.C. Memo. 1958-104. If allocation is necessary, the deduction for allocable business use is computed by reference to the ratio of time or space devoted to business as compared with total use. Int'l Artists, Ltd. v. Commissioner, 55 T.C. 94, 105 (1970).

Petitioner claimed automobile depreciation expense deductions on Schedules C of $11,094 for 2010, $17,751 for 2011, and $10,650 for 2012. Petitioner argues that the depreciation deductions are attributable to his purchase of a 2010 Audi, which he used exclusively for his consulting business.[11] The only evidence in the record to support these claimed deductions is a purchase price sale contract dated July 5, 2010, documenting the purchase of a 2010 Audi for $68,319.60. Neither petitioner nor Ms. Varmaa provided any additional documentation[12] establishing that petitioner carried on a consulting business or to what extent, if any, he used the 2010 Audi for this business. At trial Ms. Varmaa testified that she did not "know the details" of petitioner's consulting business. Furthermore, petitioner did not report any Schedule C gross receipts from the

---

[11]According to Ms. Varmaa, petitioner started a consulting business on January 16, 2010, the day after he retired from Lockheed Martin.

[12]At trial Ms. Varmaa testified that she had a mileage log for the vehicle; however, the mileage log was never produced or offered into evidence.

[*14] consulting business for the years in issue. On the basis of this record, petitioner has not substantiated that he carried on a consulting business or that the 2010 Audi was used for the business. Accordingly, we sustain respondent's disallowance of petitioner's claimed depreciation expense deductions for the years in issue.

5. Residential Energy Credit

For 2010 section 48 provided for a nonrefundable residential energy credit for the installation of nonbusiness energy-efficient property. Petitioner claimed a $1,500 residential energy credit for the taxable year 2010. As substantiation petitioner submitted an invoice from Champion Window Co. of Gaithersburg to Ms. Varmaa for "Windows". The invoice shows a "Contract Amount" of $11,934, a "Deposit" of $3,580, and "Payments" of $8,354. The invoice further shows an "Install Date" of March 5, 2011.

We find the invoice insufficient to substantiate the claimed residential energy credit for several reasons. First, the invoice does not detail what type of "Windows" were installed or at which property they were installed. Second, petitioner's name is not on the invoice, and there is no indication whether he or Ms. Varmaa (or another party) made the deposit or payments. Third, the installation date of the windows is March 5, 2011, whereas the credit was claimed

[*15] for the taxable year 2010.  Thus, we are unable to conclude on the basis of this record that petitioner is entitled to a residential energy credit for the taxable year 2010.

6.  Charitable Contribution Deductions

Section 170(a) allows as a deduction any charitable contribution the payment of which is made within the taxable year.  Deductions for charitable contributions are allowable only if verified under regulations prescribed by the Secretary.  Sec. 170(a)(1).  The nature of the substantiation required depends on the size of the contribution and whether the contribution is in cash or property.  In general, the regulations require the taxpayer to maintain for each contribution one of the following:  (1) a canceled check; (2) a receipt from the donee; or (3) in the absence of a canceled check or receipt, other reliable written records.  Sec. 1.170A-13(a)(1), Income Tax Regs.  A deduction for a charitable contribution exceeding $250 must be substantiated by a contemporaneous written acknowledgment of the contribution by the donee organization.[13]  Sec. 170(f)(8)(A).

---

[13]Additional information is required to substantiate charitable contribution deductions exceeding $500.  See sec. 1.170A-13(b)(2)(ii)(C) and (D), (3)(i)(A) and (B), Income Tax Regs.

**[*16]**  Petitioner claimed a $9,450 charitable contribution deduction for the taxable year 2010, which respondent disallowed in its entirety in the notice of deficiency.  Petitioner contends that his charitable contribution deduction should be allowed because he provided substantiating documentation to the IRS examiner during the audit process.  However, neither Ms. Varmaa nor petitioner has provided the Court with any canceled checks, receipts, or other reliable written records that would support petitioner's claimed charitable contribution deduction.  Accordingly, we sustain respondent's disallowance of petitioner's claimed $9,450 charitable contribution deduction for 2010.

7.  Casualty Loss

Section 165(a) allows as a deduction any loss sustained during the taxable year and not compensated for by insurance or otherwise.  Section 165(c) limits the allowable loss in the case of an individual.  A casualty loss is allowable to an individual for the loss of property not connected with a trade or business or with a transaction entered into for profit if the loss results from "fire, storm, shipwreck, or other casualty".  Sec. 165(c).

Petitioner contends that he is entitled to a casualty loss deduction of $17,301 for the taxable year 2010 because on September 5, 2009, there was a "major fire in the kitchen" of the Rayburn property that damaged "the entire

**[\*17]** floor". In support of this claimed deduction, petitioner submitted evidence consisting of: (1) a letter dated March 30, 2010, from CitiMortgage to Ms. Varmaa and petitioner explaining the insurance claim process; (2) a letter to CitiMortgage from Ms. Varmaa and petitioner concerning reimbursement; (3) an itemized printout of repair work from Travelers insurance to Ms. Varmaa; (4) a ServPro statement to Ms. Varmaa; (5) three checks dated October 9, 2009, from Travelers insurance to Ms. Varmaa for $4,549.61, $1,116.67, and $8,815.93, respectively; and (6) a Kitchen & Bath Depot work contract for $19,460 signed by Ms. Varmaa on November 14, 2009.

We find Ms. Varmaa's testimony credible concerning the kitchen fire at the Rayburn property on September 5, 2009. However, the documentation that petitioner submitted is insufficient to substantiate the total cost of the repair work and, equally important, how much of the cost was reimbursed by insurance. In addition, most of the documentation that petitioner submitted does not include his name, and therefore we are unable to ascertain how much petitioner paid for kitchen repairs and to what extent he was (or was not) reimbursed by insurance. Accordingly, we sustain respondent's disallowance of petitioner's claimed casualty loss deduction for 2010.

[*18] 8.  Section 6662(a) Accuracy-Related Penalties

Respondent determined that for the taxable years 2010-12 petitioner is liable for accuracy-related penalties pursuant to section 6662(a) and (b)(1) and (2) for underpayments attributable to negligence or substantial understatements of income tax.  Respondent bears the burden of production with respect to these penalties.  See sec. 7491(c).  To meet this burden, respondent must produce evidence establishing that it is appropriate to impose the penalties.  See Higbee v. Commissioner, 116 T.C. 438, 446 (2001).  Once respondent has done so, the burden of proof is on petitioner to show that the penalties do not apply.  See id.

Negligence includes any failure to make a reasonable attempt to comply with the provisions of the internal revenue laws and is the failure to exercise due care or the failure to do what a reasonable and prudent person would do under the circumstances.  Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985); sec. 1.6662-3(b)(1), Income Tax Regs.  Negligence also includes any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.  Petitioner exhibited a lack of due care in:  (1) failing to report a $45,000 IRA distribution; (2) improperly claiming deductions for motor vehicle tax and unreimbursed employee expenses; and (3) not maintaining adequate books or records to substantiate his automobile

**[*19]** depreciation expenses and his charitable contribution. Respondent has met his burden of production with respect to the section 6662(a) penalties for negligence.

The accuracy-related penalty does not apply with respect to any portion of the underpayment for which it is shown that the taxpayer had reasonable cause and acted in good faith. Sec. 6664(c)(1). Petitioner has not explained his failure to accurately report income and properly substantiate expenses on his original tax returns. Accordingly, we hold that petitioner is liable for the section 6662(a) accuracy-related penalties for negligence.[14]

In reaching our decision, we have considered all arguments made by the parties, and to the extent not mentioned or addressed, they are irrelevant or without merit.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.

---

[14]The sec. 6662(a) accuracy-related penalties are based on the amounts of any underpayments of tax, which will be determined in a Rule 155 computation.