*Mayor and City Council of Baltimore v. Thornton Mellon, LLC, et al.*
No. 1940, Sept. Term, 2019
Opinion by Shaw Geter, J.

**Taxation > Certificate of Sale**

The certificate of sale or assignment of the certificate of sale is presumptive evidence in all courts in all proceedings by and against the purchaser, and the purchaser's representatives, heirs and assigns, of the truth of the statements in the certificate of sale or assignment of the certificate of sale, of the title of the purchaser to the property described in the certificate of sale or assignment of the certificate of sale, and of the regularity and validity of all proceedings had in reference to the taxes for the nonpayment of which the property was sold and the sale of the property. Md. Code Ann., Tax-Prop. § 14-823.

**Taxation > Assignment of Certificate of Sale**

A certificate of sale executed and delivered by the collector to the purchaser is assignable and an assignment of the certificate of sale vests in the assignee, or the legal representative of the assignee, all the right, title, and interest of the original purchaser. Md. Code Ann., Tax-Prop. § 14-821.

**Taxation > General Revisory Power**

A motion for substitution of plaintiff and motion for an order directing issuance of a tax deed to the assignee, filed less than 30 days after the Judgment Foreclosing the Right of Redemption was entered, although not captioned as motions to revise judgment, are treated as such.

**Statutory Interpretation > Assignment of Certificate of Sale**

The Maryland General Assembly did not, in its construction of the Maryland Tax Property Article, limit the assignment of a certificate of sale post judgment. Md. Code Ann., Tax-Prop. § 14-821.

**Statutory Interpretation > Assignment of Judgment**

There is no expressed prohibition or clear legislative limit to the assignability of a judgment foreclosing the right of redemption. A judgment constitutes a "chose in action," which, whether arising in tort or ex contractu, is generally assignable.

Circuit Court for Baltimore City
Case No. 24-C-18-001043

REPORTED

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 1940

September Term, 2019

_____

MAYOR AND CITY COUNCIL OF
BALTIMORE

v.

THORNTON MELLON, LLC, ET AL.

_____

Kehoe,
Berger,
Shaw Geter,

_____

Opinion by Shaw Geter, J.
_____

Filed: January 28, 2021

Pursuant to Maryland Uniform Electronic Legal
Materials Act
(§§ 10-1601 et seq. of the State Government Article) this document is authentic.



Suzanne C. Johnson, Clerk

This appeal arises from a Judgment Foreclosing the Right of Redemption and an Order of the Circuit Court for Baltimore City directing the City of Baltimore to issue a Tax Deed to Appellee's assignee, Ty Webb LLC. Appellee, Thornton Mellon LLC, initially purchased the property in question at a tax sale and later filed a complaint to foreclose the right of redemption. The court entered a judgment and ordered the City to issue a deed to appellee. Shortly thereafter, appellee filed a Notice of Substitution stating that it had assigned both the certificate of sale and judgment to Ty Webb LLC. Ty Webb LLC then filed a motion requesting an order that the City issue a tax deed to it as assignee. The City opposed and following a hearing, the court denied the City's motion to strike the notice of substitution, finding that the assignment was valid and granted Ty Webb LLC's motion to direct the City to issue the tax deed.

Appellant timely appealed and presents the following question for our review which we have consolidated and rephrased:[1]

---

[1]Appellant's original questions presented are stated as follows:

Did the circuit court err in ordering the City to issue a tax sale deed to Ty Webb LLC rather than the tax sale purchaser, Thornton Mellon LLC, when Thornton Mellon LLC waited until after the court's final decree to purport to assign its certificate of sale and the judgment foreclosing the right of redemption to Ty Webb LLC, and neither company filed the purported assignment with the circuit court?
A. Is a tax sale certificate no longer assignable once a court enters judgment foreclosing the right of redemption?
B. Is a judgment foreclosing the right of redemption non-assignable?
C. Must the assignment of a judgment be filed in the circuit court before the assignee can enforce the judgment in the assignee's name?

1. Did the circuit court err in ordering the City of Baltimore to Issue a Tax Sale Deed to Appellee's assignee, Ty Webb LLC?

## FACTUAL BACKGROUND

On May 15, 2017, appellee, Thornton Mellon LLC, a real estate investment company, purchased a residential property located at 812 Wedgewood Rd. Baltimore, Maryland, at a Baltimore City tax sale. After the original owner failed to redeem the property, Thornton Mellon LLC, on February 26, 2018, filed a Complaint to Foreclose the Right of Redemption in the Circuit Court for Baltimore City. On July 10, 2019, the court entered a Judgment Foreclosing the Right of Redemption that ordered, in part, the plaintiff be "vested with an absolute and indefeasible fee simple title." The Judgment further ordered the City to "execute and deliver a Deed to the Plaintiff, his successors and assigns, in accordance with the provisions of §§ 14-831 and 14-847 of the Tax-Property Article of the Maryland Code Annotated . . . [.]"

On July 31, 2019, Thornton Mellon LLC filed a Notice of Substitution stating its interest in the Property had been assigned to Ty Webb LLC and requested that Ty Webb LLC be substituted as plaintiff. Ty Webb then filed a Motion for an Order Directing the City to Issue a Tax Deed to Assignee. The City filed a Motion to Strike the Notice of Substitution and to Strike, or Alternatively, Respond to the Motion for Order Directed to the City of Baltimore to Issue a Tax Deed to Assignee.

At a hearing scheduled by the court, the City argued that under the statutory scheme of the Maryland Tax Property Article, the assignment of a Judgment Foreclosing the Right of Redemption is not permitted, nor is a post-judgment assignment of a tax sale certificate.

2

The court denied the City's Motion to Strike Notice of Substitution and granted Ty Webb LLC's Motion for an Order Directing the City to Issue a Tax Deed to Assignee, holding that the plain language of § 14-821 of the Maryland Tax Property Article does not limit the assignability of either a tax sale certificate or a Judgment Foreclosing the Right of Redemption.

**MOOTNESS**

As a preliminary matter, Thornton Mellon LLC argues the City failed to raise on appeal, whether the circuit court's ruling denying its Motion to Strike the Notice of Substitution, was error. Thus, appellee argues appellant's remaining arguments are moot. Conversely, the City contends "the propriety of the purported substitution is subsumed within the circuit court's ruling that the City must issue a deed in the name of Ty Webb LLC," which is the question the City did present. To be sure, "question[s] not presented or argued in an appellant's brief [are] waived or abandoned and [are], therefore, not properly preserved for review." *Health Servs. Cost Review Comm'n v. Lutheran Hosp. of Maryland, Inc.*, 298 Md. 651, 664 (1984). In the present case, we hold that appellant has preserved for our review the issue of substitution because it is, as appellant noted, "linked inextricably" to the overall question presented.

We note further that we may consider the merits of a moot case, (1) "where a controversy that becomes non-existent at the moment of judicial review is capable of repetition but evading review[]"; or (2) where a question of law, if not immediately decided, will harm the public interest. *See Comptroller of the Treasury v. Zorzit*, 221 Md. App. 274, 292 (2015).

3

Assuming *arguendo*, that this case is moot, it appears there is a continuing issue regarding the substitution of parties after a foreclosure judgment has been granted and the issuance of a deed in the new party's name. During oral argument, counsel advised this Court that there are several similarly situated cases that have now been stayed pending this appeal. As such, even if moot, these matters are capable of repetition and the public interest will be harmed if we do not decide these issues.

## STANDARD OF REVIEW

Pursuant to Maryland Rule 8-131(c):

> When an action has been tried without a jury, the appellate court will review the case on both the law and the evidence. It will not set aside the judgment of the trial court on the evidence unless clearly erroneous and will give due regard to the opportunity of the trial court to judge the credibility of the witnesses.

"[A]ppellate courts accept and are bound by findings of fact in the lower court unless they are clearly erroneous." *Cunningham v. Feinberg*, 441 Md. 310, 322 (2015) (internal quotation omitted). "A factual finding is clearly erroneous if there is no competent and material evidence in the record to support it." *Hoang v. Hewitt Ave. Assocs., LLC*, 177 Md. App. 562, 576 (2007).

## BACKGROUND

The laws governing tax sales are codified in Title 14 of the Maryland Tax – Property Article (hereafter "TP") TP § 14-818. Generally, when a property owner fails to pay his or her property taxes, all the unpaid taxes are deemed liens on the property until paid. *See* TP §14-804(a); *Simms v. Scheve*, 298 Md. 1, 3 (1983). "Following proper notice to the proper parties, a sale of [a] property may be effected by the county's tax collector

4

once an owner's tax payments are in arrears." *LaValley v. Rock Point Aero Sport Club, Inc.*, 104 Md. App. 123, 126 (1995); TP § 14-808.  The sale of the property takes place at a public auction in accordance with the tax statute and the property is sold in fee or leasehold to the highest good-faith bidder. *See* TP § 14-817(a)(2).  The purchaser is then issued a certificate of sale which "evidences the sale." *See* TP § 14-823; *Gordon Family P'ship v. Gar on Jer*, 348 Md. 129, 139 (1997).  Pursuant to the Tax Property Article, the certificate of sale is freely assignable and may be recorded. TP §§ 14-821 to 14-822; *Gordon Family P'ship*, 348 Md. at 139.

No later than the day after the sale, the purchaser must pay "the full amount of taxes due on the property sold . . . together with interest and penalties on the taxes, expenses incurred in making the sale, and the high-bid premium, if any." TP § 14-818(a)(1)(i). "[T]he residue of the purchase price remains on credit." *Id.*  The delinquent property owner may redeem the property "any time until the right of redemption has been finally foreclosed by paying the required sum to the collector, who [then] transfers the money to the [tax sale] purchaser in exchange for the tax sale certificate." *Quillens v. Moore*, 399 Md. 97, 113 (2007); TP § 14-827.  If the property fails to be redeemed within six months after the date of sale, the certificate holder may file a complaint to foreclose the right of redemption. TP § 14-833(a)(1).  "The [complaint] must be filed within two years or the certificate is void." *Quillens*, 399 Md. at 113; TP § 14-833(c)(1).  Once the complaint is filed and the purchaser "takes all steps necessary to foreclose the right of redemption, the court must enter a judgment foreclosing the prior owner's right of redemption after the time period set in the

5

order of publication and the summonses expire."[2] *Scheve v. Shudder, Inc.*, 328 Md. 363, 368 (1992); TP §§ 14-840, -844.  A judgment for the plaintiff "vests in the plaintiff an absolute and indefeasible title in fee simple in the property . . . [.]" TP § 14-844.  The judgment of the court shall direct the collector to execute a deed to the holder of the certificate of sale.  After final judgment is entered, "the collector may not execute or deliver a deed to any purchaser other than the governing body of a county until the balance of the purchase price has been paid in full, together with all taxes and interest and penalties on the taxes accruing after the date of sale." TP §§ 14-818, -847.

## DISCUSSION

A circuit court has general revisory power and control over a judgment "[f]or a period of 30 days after the entry of a judgment, or thereafter pursuant to motion filed within that period." Md. Code Ann., Cts. & Jud. Proc. § 6-408; *See also Smith v. Lawler*, 93 Md. App. 540, 551 (1992) (finding that the court had general revisory power for 30 days after the Judgment Foreclosing the Right of Redemption was entered).[3]  A final order

---

[2] TP § 14-840 states:

> The order of publication shall warn any person that has or claims to have an interest in the property to answer the complaint or to redeem the property on or before the date named in the order of publication and in case of failure to appear, answer, or redeem the property a judgment will be entered that forecloses all rights of redemption in the property. The date named may not be less than 60 days from the date of the order.

[3] After the 30-day window, "for a period of one year, the judgment could have been reopened for fraud (including constructive fraud) or lack of jurisdiction. After one year, the judgment could have been reopened only for actual fraud or lack of jurisdiction." *Smith v.*

6

foreclosing the right of redemption may be reopened by the lower court by means of its general revisory power. *Seidel v. Panella*, 81 Md. App 124, 131 (1989). In *Seidel v. Panella*, the circuit court entered a final decree foreclosing the right of redemption, however, it was later determined that the original owners had not been served. When the owners became aware of the judgment, they moved to vacate the judgment within 30 days of its entry. *Id* at 127. The court denied the owners' motion, and on appeal, this Court held that because the owners "moved to vacate the October 20 order within 30 days of its entry, [thus] the court retained discretionary power to revise the judgment." *Seidel*, 81 Md. App at 131.

Thornton Mellon LLC's Notice of Substitution and Ty Webb LLC's Motion for an Order Directing the City to Issue a Tax Deed to Assignee, were filed less than 30 days after the Judgment Foreclosing the Right of Redemption was entered. The filings containing the assignment, were filed and docketed the same day and were compliant with Md. Rule 1-322. The filings, while not captioned as such, were essentially, motions to revise the original judgment and may be treated as such despite their caption. *Pickett v. Noba, Inc.,* 122 Md. App. 566, 571 (1998) ("A motion may be treated as a motion to revise under Md. Rule 2–535 even if it is not labeled as such."). We note while the City did object to

_____

*Lawler*, 93 Md. App. 540, 551 (1992); *Haskell v. Carey*, 294 Md. 550, 559–60 (1982); *See also Seidel v. Panella*, 81 Md. App 124, 131 (1989) (finding that under *Haskell* the Court of Appeals gave full effect to both Art. 81, § 113, the precursor to TP § 14-845 which required a finding of fraud or lack of jurisdiction to reopen the final decree foreclosing the right to redemption, and Cts. & Jud. Proc. § 6-408 . . . by concluding that § 113 applied only to enrolled judgments, judgments after which 30 days had lapsed) (citation omitted).

appellee's filings, prior to the filings, the City did not request the language of the judgment be modified or otherwise revised.

The City urges this Court to reverse the decision of the circuit court which held that the assignment was valid and ordered that a deed be issued in the name of the assignee. The City contends the circuit court's decision would allow Thornton Mellon LLC to "ignore deed transfer requirements." The City avers that the decision "implicates the marketability of tax sale titles, the accuracy of tax records and local governments' revenue from recordation and transfer taxes." While the City concedes that a tax sale certificate, prior to judgment, is assignable, it argues that "once the court enters Judgment Foreclosing the Right of Redemption, the tax sale certificate no longer has any utility or value, and there is nothing left to assign." And to that end, "because the tax sale certificate represents a lien that ceases to exist upon foreclosure, Thornton Mellon LLC's purported assignment of the certificate to Ty Webb LLC was a legal nullity." Responsively, appellee argues the language of TP § 14-821 "expressly permits the assignment of a certificate of sale."

When interpreting a statute, our task is to discern and implement the legislature's intent. *See Triantis v. Triantis*, 184 Md. App. 703, 709–10 (2009); *Kona Properties, LLC v. W.D.B. Corp.*, 224 Md. App. 517, 550–51 (2015). We first "examin[e] the plain meaning of the language used by the General Assembly." *Triantis*, 184 Md. App. at 709; *Mayor of Oakland v. Mayor of Mountain Lake Park,* 392 Md. 301, 316 (2006). The statute is construed as a whole and will be applied as written when "the plain language of the statute is unambiguous and consistent with the statute's apparent purpose[.]" *See Triantis*, 184 Md. App. at 709–10. "We consider both the ordinary meaning of the

8

language of the statute and how that language relates to the overall meaning, setting, and purpose of the act." *Id.* "We avoid a construction of the statute that is unreasonable, illogical, or inconsistent with common sense" or that requires us to "add or delete language so as to reflect an intent not evidenced in the plain and unambiguous language of the statute." *Triantis*, 184 Md. App. at 709; *Mayor of Oakland,* 392 Md. at 316. Further, "if the statute is part of a general statutory scheme or system, the sections must be read together to ascertain the true intention of the [l]egislature." *Mazor v. State Dep't of Correction*, 279 Md. 355, 361 (1977).

In analyzing whether a certificate of sale is assignable, we turn first to the language of §14-821 of the Tax – Property Article which reads, in pertinent part:

> Except as provided in subsection (b) of this section, any certificate of sale executed and delivered by the collector to the purchaser is assignable and an assignment of the certificate of sale vests in the assignee, or the legal representative of the assignee, all the right, title, and interest of the original purchaser. The assignment of certificate of sale may be made in accordance with the provisions of law relating to the short assignment of mortgages.

TP § 14-821. Applying the cardinal rule of statutory interpretation, we examine the plain language of the statute and hold that it is unambiguous and expressly states that a certificate of sale may be assigned. The legislature has provided one exception, in subsection (b), inapplicable here, that does not allow a purchaser at a limited auction to assign its certificate

9

to another person.[4]  We hold, clearly, if the legislature had intended to further limit the assignment of a certificate of sale, post judgment, it would have done so expressly.

Appellant also argues that the certificate of sale is a "legal nullity" upon foreclosure and thus, has no value.  We disagree.  Following the entry of a judgment of foreclosure, several additional steps are required to finalize the delivery of the deed.  The certificate holder must pay the purchase price balance, accrued taxes, interest, and penalties, if any and thereafter, a deed is issued. TP §§ 14-818, -847.  Thus, while a certificate of sale may lose its value upon acceptance and delivery of the deed, the deed is not executed and delivered until the purchase price balance, accrued taxes, interests, and penalties, if any, are paid. *See Greenfield v. Heckenbach*, 144 Md. App. 108, 143 (2002).

Here, the judgment had been entered 20 days prior to the request for substitution of parties and the issuance of a deed in the name of the new party.  The tax property statute specifies that "the judgment of the court shall direct the collector to execute a deed to the holder of the certificate of sale…" TP § 14-847(a)(1).  Further, "the judgment shall direct the supervisor to enroll the holder of the certificate of sale in fee simple or in leasehold, as appropriate, as the owner of the property." TP § 14-847(a)(1).  Thus, the certificate of sale is not a legal nullity and retains its value until the deed is executed and delivered.  Additionally, pursuant to § 14-823, the certificate of sale constitutes "presumptive

---

[4] "Certificate issued at a limited auction" (b) A certificate of sale issued to a purchaser at a limited auction under § 14-817(d) of this subtitle may not be assigned to another person. TP § 14-821(b).

10

evidence" of the purchaser's title to the property described in the certificate and of the validity of all proceedings whereby the property was sold for the unpaid taxes. *See* TP § 14-823. In the present case, no deed had been issued by the City, nor was one executed, delivered or recorded. In fact, § 14-847 provides, "[t]he deed shall be prepared by the holder of the certificate of sale … and all expenses incident to the preparation and execution of the deed shall be paid by the holder of the certificate of sale." TP § 14-847 (b). This too evidences that the certificate of sale is not a legal nullity.

The City further argues that a Judgment Foreclosing the Right of Redemption is not assignable, citing § 14-844(b), and reasoning that because the express language "vests in the certificate holder an absolute and indefeasible title in fee simple in the property," it "may only be conveyed by a document which meets the requirements of a deed and is recorded in the appropriate land records." Appellant cites *Kingsley v. Makay*, 253 Md. 24, 27–8 (1969), however, the law discussed there deals with contracts for the sale of land between private parties—not a certificate of sale which is acknowledged by the county tax officials as a "conveyance of land" and evidence of title. TP § 14-823. *Kingsley* does make clear that "legal title to land…does not pass, other than by operation of law, until a deed is properly executed and recorded." *Id*. Here, no deed had been executed and recorded in the name of Thornton Mellon LLC and thus, the assignment of the judgment and substitution of parties did not require the issuance of a new deed, rather the issuance of a post-judgment deed in the name of the properly substituted owner.

In addition, the circuit court's judgment ordered "that the Director of Finance shall execute and deliver a Deed to the Plaintiff, his successors and assigns, in accordance with

11

the provisions of §§4-831 and 14-847 of the Tax-Property Article of the Maryland Code Annotated." The City noted no prior objection to the wording of the judgment, specifically the words "successors and assigns," yet argues that the wording of the judgment does not mean what it says and is a remnant of the common law. We agree that such language can be described as "words of limitation" and can indicate a fee simple title, however, here, the court noted in its opinion, "[t]he express language of the judgment foreclosing rights of redemption suggests that it is freely assignable."

We also agree with the court's analysis that a judgment constitutes a chose in action, which is defined as:

> 1) A proprietary right *in personam*, such as a debt owed by another person, a share in a joint-stock company, or a claim for damages in tort; 2) The right to bring an action to recover a debt, money, or thing; or 3) Personal property that one person owns but another person possesses, the owner being able to regain possession through a lawsuit.

*John B. Parsons Home, LLC v. John B. Parsons Found.*, 217 Md. App. 39, 57 (2014) (quoting BLACK'S LAW DICTIONARY (9th ed. 2009)). Concerning the assignability of a chose in action, the Court of Appeals in *Summers v. Freishtat*, stated; "a chose in action, whether arising in tort or ex contractu, is generally assignable; the only limitation, in the absence of a contrary statutory provision, is that the right of action be of a sort which would survive the death of the assignor and pass to his personal representatives." *Summers v. Freishtat*, 274 Md. 404 (1975); *See also Med. Mut. Liab. Ins. Soc'y of Md. v. Evans*, 330 Md. 1 (1993); *John B. Parsons Home, LLC*, 217 Md. App. at 48.

In sum, we have found no expressed prohibition or clear legislative limit to the assignability of either a certificate of sale or judgment foreclosing the right of redemption.

12

We, therefore, decline to declare a legislative intent where none exists. We further hold the motions were filed within the confines of the court's 30-day revisory power and were properly granted by the court.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS TO BE PAID BY THE APPELLANT.**

The correction notice(s) for this opinion(s) can be found here:

https://mdcourts.gov/sites/default/files/import/appellate/correctionnotices/cosa/1940s19cn.pdf