*Al Czervik LLC v. Mayor & City Council of Baltimore*, No. 2026, September Term, 2021, *& Thornton Mellon LLC*, et al. *v. Mayor & City Council of Baltimore*, No. 144, September Term, 2022. Opinion by Nazarian, J.

**TAXATION – TAX DEEDS – CONDITIONS AND PREREQUISITES**

Tax sale statute, which requires tax sale purchasers to bear "all expenses incident to the preparation and execution of the deed," unambiguously authorizes the tax collector to charge a fee incident to its execution and issuance of deeds. Md. Code (1985, 2019 Repl. Vol.), § 14-847(b) of the Tax-Property Article ("TP").

REPORTED

IN THE APPELLATE COURT

OF MARYLAND*

No. 2026
September Term, 2021

AL CZERVIK LLC
v.
MAYOR & CITY COUNCIL OF
BALTIMORE, ET AL.

_____

No. 144
September Term, 2022

THORNTON MELLON LLC, ET AL.
v.
MAYOR & CITY COUNCIL OF
BALTIMORE, ET AL.
_____

Nazarian,
Friedman,
Wright, Jr., Alexander,
 (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Nazarian, J.

_____

Filed:  January 3, 2023

Pursuant to the Maryland Uniform Electronic Legal Materials
Act (§§ 10-1601 et seq. of the State Government Article) this
document is authentic.

Gregory Hilton, Clerk

* At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Special Appeals of Maryland to the Appellate Court of Maryland. The name change took effect on December 14, 2022.

After they secure a certificate of sale and meet certain post-judgment statutory obligations, tax sale purchasers are entitled to have the deed to the property executed and issued to them by the tax collector. As a condition of issuing the deed, however, Maryland Code (1985, 2019 Repl. Vol.), § 14-847(b) of the Tax-Property Article ("TP") also requires purchasers to bear "all expenses incident to the preparation and execution of the deed." And in Baltimore City tax sales, the Mayor and City Council of Baltimore ("the City") charges purchasers a $125 fee (the "deed review fee") to review their proposed deeds before the City executes and issues them.

The tax sale purchasers in these companion cases contend that the City lacks authority under TP § 14-847(b), or the tax sale statute more broadly, to charge that fee, and that the City is obliged to execute the deed without further charges once they have paid the purchase price and the taxes, interest, and penalties on the property. The purchasers challenged the fee in the Circuit Court for Baltimore City in two different cases—in one case where they paid the fees and sought after-the-fact declaratory relief and another where they refused to pay the fee and filed a motion under Maryland Rule 2-648 seeking to compel the City to execute the deed. The circuit court rejected the challenges, finding in both cases that the tax sale statute is unambiguous and permits the City to collect the deed review fee before executing and delivering a tax deed, and in the second case that the buyers weren't entitled to relief under Rule 2-648. The buyers appeal and we affirm both rulings, although we vacate the judgment in the declaratory judgment case and remand with

instructions to enter a written declaratory judgment consistent with this opinion in favor of the City.

## I. BACKGROUND

Thornton Mellon LLC is a frequent purchaser of residential property at tax sales in the City. It regularly assigns its interest in the properties to three sibling entities, Ty Webb LLC, Al Czervik LLC, and Danny Noonan LLC. We'll refer collectively to these entities, all appellants here, as "Thornton Mellon."[1]

These cases involve the last stage of the tax sale process, a stage Thornton Mellon

---

[1] All four entities are subsidiaries of Bronson Lee Partners Fund III, LLC, a Chicago-based "private investment firm specializing in distressed real estate and delinquent tax receivables located in Maryland and Washington D.C." Bronson Lee Partners, bronsonlee.com (last visited Oct. 24, 2022), *archived at* https://perma.cc/U5AU-5LSA. Earlier opinions of this Court and the Supreme Court of Maryland (at the time named the Court of Appeals of Maryland)* have noted similarities between the names of the purchasing entities and characters played by Rodney Dangerfield in the 1980s classic comedies *Caddyshack* (Al Czervik, Ty Webb, and Danny Noonan) and *Back to School* (Thornton Melon). In its reply brief in these cases, Thornton Mellon insists that it "is *not* named after the infamous Rodney Dangerfield character, Thornton Melon, from Back to School," that "the similarity in names is merely a coincidence," and that although "[o]ne may question Appellants' taste in movies, but Appellants would prefer that future readers of opinions involving their cases not mistakenly believe that they are bad spellers." So noted. We note as well the similarity between the name of Thornton Mellon's parent company and the 1974 martial arts film *Bronson Lee, Champion*, one in which Mr. Dangerfield played no role whatsoever, and let readers draw their own conclusions.

* At the November 8, 2022 general election, the voters of Maryland ratified a constitutional amendment changing the name of the Court of Appeals of Maryland to the Supreme Court of Maryland. The name change took effect on December 14, 2022. *See also* Md. Rule 1-101.1(a) ("From and after December 14, 2022, any reference in these Rules or, in any proceedings before any court of the Maryland Judiciary, any reference in any statute, ordinance, or regulation applicable in Maryland to the Court

Continued . . .

reaches in only a small minority of the properties it purchases.[2] Once Thornton Mellon

obtains a judgment foreclosing the right of redemption on a property, it prepares a deed

and asks the tax collector, in these cases the City, to execute the deed pursuant to TP

§ 14-847.[3] The City has counsel review the purchaser's proposed deed for form, legal

---

of Appeals of Maryland shall be deemed to refer to the Supreme Court of
Maryland . . . .").

[2] In the overwhelming bulk of the cases, the property owner redeems the property by
paying the back taxes (which the purchaser has, at this point, paid to the tax collector)
and (substantial) fees to the purchaser before the purchaser obtains a judgment
foreclosing the right of redemption. *See generally Mayor & City Council of Balt. v.
Thornton Mellon, LLC*, 478 Md. 396, 416–24 (2022).

[3] TP § 14-847 provides:

> (a) *Executing deed.* — (1) . . . [T]he judgment of the court shall
> direct the collector to execute a deed to the holder of the
> certificate of sale in fee simple or in leasehold, as appropriate,
> on payment to the collector of the balance of the purchase
> price, due on account of the purchase price of the property,
> together with all taxes and interest and penalties on the
> property that accrue after the date of sale. The judgment shall
> direct the supervisor to enroll the holder of the certificate of
> sale in fee simple or in leasehold, as appropriate, as the owner
> of the property.
>
> * * *
>
> (b) *Preparation of deed.* — The deed shall be prepared by the
> holder of the certificate of sale or the attorney for the holder of
> the certificate of sale and all expenses incident to the
> preparation and execution of the deed shall be paid by the
> holder of the certificate of sale.
>
> (c) *Delivery of certified copy.* — The clerk of the court in
> which the suit is instituted shall issue a certified copy of the

Continued . . .

sufficiency, accuracy as against plats, parties, amounts, and property interests, and to resolve or correct any discrepancies before ultimately being executed by the City's Director of Finance, and it charges a "deed review fee" to recoup its expenses.

Thornton Mellon challenges the City's collection of its fee through two related but not consolidated cases.[4] It initiated its first challenge in July 2019, when it filed a complaint for declaratory judgment (the "declaratory judgment action").[5] After two amendments, the operative complaint, filed on April 6, 2021, claimed that Thornton Mellon had "numerous tax deeds pending 'Review' by the City that the City refuses to issue without payment of the Review Fee." It contended that the fee is "to review the tax sale deed and is not for the 'preparation or execution' of the same" as contemplated under TP § 14-847, that "no other county charges" the fee, and therefore it is "unlawful, unconstitutional, void, and violates the" tax sale statutes. Thornton Mellon sought a declaratory judgment holding that "the

---

judgment of the court to the collector and supervisor and the collector is not obligated to execute the deed provided for in this section until that certified copy of the judgment is delivered to the collector.

[4] For ease of reference, we refer to *Al Czervik LLC v. Mayor & City Council of Baltimore*, No. 2026, September Term 2021, as "the Rule 2-648 action" and *Thornton Mellon LLC v. Mayor & City Council of Baltimore*, No. 144, September Term 2022, as "the declaratory judgment action."

[5] Initially, the suit also involved a question about whether Thornton Mellon could assign its judgment of foreclosure. The litigation was stayed pending decisions in *Mayor & City Council of Baltimore v. Thornton Mellon, LLC*, 249 Md. App. 231 (2021), and *Thornton Mellon, LLC v. Mayor & City Council of Baltimore*, 478 Md. 396 (2022), which ultimately held that the judgment foreclosing an owner's right of redemption following a tax sale was assignable.

Review Fee is unlawful and prohibiting [the City] from continuing to charge the Review Fee in the future."

Meanwhile, on June 22, 2021, in a separate case (the "Rule 2-648 action"), Thornton Mellon's assignee, Al Czervik LLC, obtained a judgment of foreclosure for a specific tax sale property in the City. When the City refused to execute and deliver the deed to the property after Thornton Mellon refused to pay the deed review fee, Thornton Mellon first filed a motion for contempt. That motion was denied, and Thornton Mellon filed an "Emergency Motion Under Md. Rule 2-648 to Direct a Party to Sign the Tax Deed Herein,"[6] asking the court to enforce its judgment and direct that the tax deed be completed by another party at the City's expense.

While the Rule 2-648 motion was pending in that case, Thornton Mellon filed a motion for summary judgment in the declaratory judgment action. It argued that the issue is "a case of statutory interpretation" and that TP § 14-847(b) does not authorize the City to impose the deed review fee:

> Section (b) is entitled "Preparation of deed" and relates solely to what it states—the preparation of the deed. If the holder of the tax sale certificate needs assistance in preparing the deed, likely from an attorney, then they bear that expense and cannot pass it along to anyone else. If the legislature intended to grant

---

[6] Maryland Rule 2-648(a) provides a mechanism allowing courts to enforce judgments:

> When a person fails to comply with a judgment prohibiting or mandating action, the court . . . in appropriate circumstances, may hold the person in contempt pursuant to Rules 15-206 and 15-207. When a person fails to comply with a judgment mandating action, the court may direct that the act be performed by some other person appointed by the court at the expense of the person failing to comply. . . .

the taxing authority the power to charge a fee, then it would have stated that the expenses incurred in preparing the deed would "be paid by the holder of the certificate of sale to the collector." It did not add the phrase "to the collector" as the statute does in Section (a). It can only be interpreted that the legislature did not intend to grant the taxing authority any further right to collect what is itemized in Section (a).

In further support, Thornton Mellon's summary judgment motion attached (a) memoranda from City Solicitors to the City's Board of Estimates grounding the fee (and later decisions to increase it) in its interpretation of TP § 14-847(b), (b) the affidavit of the sole member of Thornton Mellon and Al Czervik LLC asserting that "[n]o other county charges this Review Fee," and (c) the pending Rule 2-648 motion from the Rule 2-648 action.

The City filed its own motion for summary judgment in the declaratory judgment case. In its motion, the City asserted that "the City law department's Collection Division reviews over an average of 501 deeds per year at a significant time and monetary expense to the City." It argued that TP § 14-847(b)'s mandate that tax sale certificate holders pay all expenses "incident to the preparation and execution of the deed" *requires* the City to charge a fee to reimburse its expenses, adding that "the review . . . is a service performed for the benefit of the tax sale certificate holder."

On January 24, 2022, the circuit court held a hearing on the pending motion in the Rule 2-648 action and denied it, finding that "the City's imposition of a fee prior to the execution of a tax deed is based on a reasonable interpretation of TP § 14-847(b)." The court found as well that "[i]t would be inappropriate for this Court to direct another person to execute a tax deed that did not come from the City. Al Czervik fails to even identify an

appropriate person to execute the tax deed in lieu of the City." The court entered its order, and Al Czervik timely appealed.

On March 9, 2022, the parties appeared for argument on summary judgment in the declaratory judgment action. The court granted the City's motion for summary judgment and denied Thornton Mellon's, holding that the deed review fee was not prohibited under the tax sale statute. In ruling, the court found TP § 14-847(b) unambiguous:

> As noted in the City's pleadings and exhibits, the Collection Division of Baltimore City Law Department completes various tasks in relation to the execution of a tax sale deed including reviewing the deed, communicating any discrepancies to relevant parties, correcting those discrepancies and arranging for deed execution and delivery.
>
> The City argues that these tasks are "incident to the preparation and execution of the deed," and therefore the City is authorized under Section 14-847(b) to require certificate holders to pay the costs of these tasks. This Court agrees with the City's position.
>
> The language of Section 14-847(b) is sufficiently unambiguous. Critically, the language holds that the certificate holder is responsible for all expenses, with the emphasis on "all expenses," related to the preparation and execution of the deed. This grants the collector, in this case the City of Baltimore, broad authority to charge certificate holders for expenses related to the deed preparation and execution process.

With respect to subsection (a) of the statute, the court found that Thornton Mellon "erroneously conflate[d] Sections A and B":

> Section A is related to the purchase process and fees related to the purchase of the deed while Section B involves the preparation and execution of the deed. The City's fee at issue in this case clearly falls into the category of deed preparation and execution[,] not purchase. The City is therefore not limited to charging only those expenses listed in 14-847(a).

7

Additionally, there is nothing in the language of the statute to suggest that the General Assembly sought to prohibit collectors such as the City from requiring certificate holders to pay expenses related to deed execution and there's nothing to suggest that the tax sale statute preempts or precludes such fees imposed by the City.

The court entered orders granting the City's motion for summary judgment and denying the purchasers' motion for summary judgment, indicating they were denied "for the reasons set forth on the record in open court." However, the orders did not set forth in writing a declaration of the rights and obligations of the parties. A second timely appeal followed.

## II. DISCUSSION

As a threshold matter, the court in the declaratory judgment action never entered a written order setting forth the rights and obligations of the parties. "While it is permissible for trial courts to resolve matters of law by summary judgment in declaratory judgment actions, the court must, in a separate document and in writing, define the rights and obligations of the parties or the status of the thing in controversy." *Catalyst Health Sols., Inc. v. Magill*, 414 Md. 457, 472 (2010) (cleaned up). Both parties urge us to exercise our discretion to review the merits of the declaratory judgment appeal in the interest of judicial economy. And given the contentious litigation history between these parties and around tax sale questions, we agree that remanding the matter without addressing the merits would only waste judicial resources. *See id.* at 481 (we may, in our discretion, "review the merits of the controversy and remand for entry of an appropriate declaratory judgment by the circuit court" (cleaned up)); *see also* Md. Rule 8-131(a) ("the Court may decide . . . an issue if necessary or desirable . . . to avoid the expense and delay of another appeal"). We

8

will, therefore, exercise our discretion to review the merits of Thornton Mellon's challenge to the deed review fee and will resolve both appeals.

On the merits, both cases turn on one question of statutory interpretation:[7] whether the City of Baltimore is authorized under the tax sale statute to charge a deed review fee

---

[7] Thornton Mellon phrased its Questions Presented in the Rule 2-648 appeal as follows:

> 1. In a tax sale proceeding, can the City require the holder of a certificate of sale to pay a "Deed Review Fee," whereby the holder must pay a fee unilaterally imposed by the City for the cost of "reviewing" the tax deed prepared by the holder, before the City will execute and deliver a tax deed in a tax sale proceeding, where there is nothing in applicable provisions of the Tax Sale Statute empowering the City to charge such a fee?
>
> 2. After a court enters a judgment foreclosing the right of redemption, and the holder of the certificate of sale satisfies its post-judgment obligations – including preparing a draft tax deed and paying all money due – can the City ignore the judgment and refuse to execute and deliver the tax deed until it receives a "Deed Review Fee" that is not expressly authorized under the Tax Sale Statute?
>
> 3. Did the trial court err and abuse its discretion by denying Appellant's motion under Rule 2-648 to enforce the judgment directing the City to execute and deliver a tax deed to Appellant, where the City's reason for not complying with the judgment's mandate was Appellant's refusal to pay an unlawful "Deed Review Fee" to the City after Appellant had otherwise satisfied all of its post-judgment obligations?

The City phrased its Questions Presented in the Rule 2-648 appeal as follows:

> 1. Did Appellant waive, abandon, or fail to preserve for appellate review, the question of whether TP § 14-847 allows the City to charge a tax sale deed execution fee by repeatedly asserting that this question was not before the circuit court and

Continued . . .

9

asserting that it was not necessary to determine in order to grant the motion?

2. Did the circuit court abuse its discretion by declining to order that an alternate performer execute a tax sale deed when Appellant failed to suggest any qualified alternate performer and Appellant failed to offer any reason to believe that the City was failing to perform?

3. Assuming arguendo that the issue is preserved, does TP § 14-847 allow the City to charge tax sale certificate holders a fee to reimburse the City for the expenses that the City incurs incident to the execution of tax sale deeds?

Thornton Mellon phrased its Questions Presented in the declaratory judgment action as follows:

1. In a tax sale case, does the City have authority to charge the holder of the certificate of sale with a "Review Fee" – whereby the City requires the holder to pay an uncapped fee for the cost of "reviewing" the tax deed prepared by the holder – for which the City may withhold execution and delivery of the tax deed until it is paid?

2. Did the trial court err in granting summary judgment and holding that the City is authorized under the Tax Sale Statute to require Appellants to pay a Review Fee following entry of a judgment foreclosing the right of redemption and before the City must execute and deliver the tax deed required by the Tax Sale Statute and the judgment entered in accordance with same?

3. Should this Court exercise its discretion by reviewing the merits of this appeal and remand for entry of an appropriate declaratory judgment by the trial court, even though the trial court failed to define the rights and obligations of the parties in a written order?

The City responds that the sole question preserved and presented for our review in the declaratory judgment appeal is: "Was the circuit court legally correct when it ruled that TP § 14-847 allowed the City to charge tax sale certificate holders a fee to reimburse the City for the expenses that the City incurs incident to the execution of tax sale deeds?"

10

before it executes and delivers a tax deed. With the underlying facts undisputed, we review the circuit court's statutory interpretation *de novo*. *Mayor & City Council of Balt. v. Thornton Mellon, LLC*, 478 Md. 396, 410 (2022) ("'Where an order involves an interpretation and application of Maryland constitutional, statutory or case law, our Court must determine whether the trial court's conclusions are "legally correct" under a *de novo* standard of review.'") (*quoting Schisler v. State*, 394 Md. 519, 535 (2006)).

**A.    The City's Deed Review Fee Is Authorized Unambiguously By The Tax Sale Statute.**

Thornton Mellon's principal argument is that the $125 deed review fee imposed by the City is not authorized by the tax sale statute. Thornton Mellon refers to the deed review fee as "[a] fiat by memo" that is "neither explicitly nor implicitly authorized by TP § 14-847." The City responds that the deed review fee is authorized plainly by TP § 14-847(b). We agree with the City and the circuit court that a straightforward reading of the statute permits both the fee and the City's policy of withholding execution until the fee is paid.

We "assume that the legislature's intent is expressed in the statutory language and thus our statutory interpretation focuses primarily on the language of the statute to determine the purposes and intent of the General Assembly." *Phillips v. State*, 451 Md. 180, 196 (2017). Our analysis begins, then, "with the plain language of the statute, and ordinary, popular understanding of the English language dictates interpretation of its terminology." *Schreyer v. Chaplain*, 416 Md. 94, 101 (2010) (*quoting Adventist Health Care Inc. v. Maryland Health Care Comm'n*, 392 Md. 103, 124 n.13 (2006)).

11

Section 14-847, the controlling statute, defines the parties' respective obligations at the deed stage of the tax sale process:

> (a) *Executing deed.* — (1) . . . [T]he judgment of the court shall direct the collector to execute a deed to the holder of the certificate of sale in fee simple or in leasehold, as appropriate, on payment to the collector of the balance of the purchase price, due on account of the purchase price of the property, together with all taxes and interest and penalties on the property that accrue after the date of sale. The judgment shall direct the supervisor to enroll the holder of the certificate of sale in fee simple or in leasehold, as appropriate, as the owner of the property.
>
> * * *
>
> (b) *Preparation of deed.* — The deed shall be prepared by the holder of the certificate of sale or the attorney for the holder of the certificate of sale and **all expenses incident to the preparation and execution of the deed shall be paid by the holder of the certificate of sale.**
>
> (c) *Delivery of certified copy.* — The clerk of the court in which the suit is instituted shall issue a certified copy of the judgment of the court to the collector and supervisor and the collector is not obligated to execute the deed provided for in this section until that certified copy of the judgment is delivered to the collector.

(Bold emphasis added.)

There is no dispute that the City incurs expenses incident to reviewing and executing tax deeds. The legal question posed by Thornton Mellon is whether those expenses are properly borne by Thornton Mellon, as "holder of the certificate of sale," TP § 14-847(b), or by the City, as tax collector (and, ultimately, by City taxpayers). Thornton Mellon's overarching view is that it is entitled to execution, and thus to a completed deed, "on payment to the collector of the balance of the purchase price, due on account of the

12

purchase price of the property, together with all taxes and interest and penalties on the property that accrue after the date of sale." TP § 14-847(a). Although it acknowledges that it bears the expenses incident to the preparation and execution of the deed, Thornton Mellon argues that because TP § 14-847(b) "makes no reference to the tax collector," the collector lacks authority to *charge* expenses relating to the deed. Thornton Mellon contends that "[g]iven that the tax collector is not expressly referenced, the logical interpretation is that the expenses to be borne by the certificate holder are charges over which the holder would have control, like payments to third parties relating to the preparation and execution of the deed, charges that the holder could negotiate."

But Thornton Mellon's interpretation of (b) artificially restrains the meaning of the word "all," the only word modifying the holder's obligation to bear expenses to the preparation and execution of the deed. "When the statutory language is clear, we need not look beyond the statutory language to determine the General Assembly's intent." *Peterson v. State*, 467 Md. 713, 727 (2020) (*quoting Bellard v. State*, 452 Md. 467, 481 (2017)). "[W]e neither add nor delete words to a clear and unambiguous statute to give it a meaning not reflected by the words that the General Assembly used or engage in forced or subtle interpretation in an attempt to extend or limit the statute's meaning." *Id.* Ambiguity exists only when there are "two or more reasonable alternative interpretations of the statute." *Id.* at 728. And "[a]ll means all," which is unambiguous. *Wolfe v. Anne Arundel County*, 374 Md. 20, 33 (2003) (cleaned up).

For that reason, we agree with the City that Thornton Mellon's interpretation is unreasonable. Subsection (a) states that the City, as tax collector, executes the deed. But

13

the natural and ordinary meaning of subsection (b) is that Thornton Mellon (or its assignee), as "the holder of the certificate of sale," pays "*all* expenses incident to the preparation and execution of the deed . . . ," TP § 14-847(b) (emphasis added), whatever their source. As the City points out, "since TP § 14-847(a) specifies that it is the collector who does the executing, it is the collector's expenses incident to execution that the holder must pay." "'Our canons of statutory interpretation forbid us to construe a statute so that a word, clause, sentence or phrase is rendered surplusage, superfluous, meaningless, or nugatory.'" *Mayor & City Council*, 478 Md. at 431 (*quoting Reier v. State Dep't of Assessments & Taxation*, 397 Md. 2, 28 (2007)). The only way to interpret subsection (b) without rendering it meaningless is to require tax certificate holders to pay all expenses incident to the preparation and execution of the deed, whether or not incurred, *in addition* to the expenses imposed in subsection (a).

Thornton Mellon contends that § 14-847 as a whole, "[i]n [t]he [c]ontext [o]f [t]he [e]ntire [s]tatutory [s]cheme," supports its interpretation of (b), and it points specifically to TP §§ 14-813 and 14-818. It's correct that we "read[] all the applicable provisions of the statute in a comprehensive and harmonious fashion, and against the statute's purpose and scope, and within the context of the definitions supplied by common law . . . ." *Mayor & City Council*, 478 Md. at 434; *see also Maryland-Nat'l Cap. Park & Plan. Comm'n v. Anderson*, 164 Md. App. 540, 570 (2005), *aff'd*, 395 Md. 172 (2006) (this Court is "obligated to construe the statute as a whole, so that all provisions are considered together and, to the extent possible, reconciled and harmonized") (citations omitted). To avoid the broad, plain language of subsection (b) (that it pay "all expenses incident to the preparation

14

and execution of the deed"), Thornton Mellon argues that because TP §§ 14-813 and 14-818 specify what the City may charge during tax sales, § 14-847(b)'s general description of expenses can't authorize a new charge by the City. But that argument misconstrues the other sections. Section 14-813 specifically involves charges that a tax collector may charge to the delinquent taxpayer by lien on the property in connection with the tax sale itself, *i.e.*, with that discrete event. Section 14-818, for its part, involves language identical to § 14-847(a), but doesn't mention the requirements of subsection (b)— or subsection (c) for that matter—of TP § 14-847. We can't (and don't) read these sections to limit the General Assembly's direction that purchasers pay *all* the expenses incident to the preparation and execution of deeds. In other words, neither section supports Thornton Mellon's contention that TP § 14-847(b) must be interpreted narrowly rather than read literally.[8]

### B. The City's Deed Review Fee Is A Post-Judgment Statutory Obligation That Must Be Satisfied Before Transfer By Deed.

Our interpretation of TP § 14-847 is consistent with the Supreme Court of Maryland's recent opinion in *Mayor & City Council of Baltimore v. Thornton Mellon, LLC*, 478 Md. at 404. In that case, the Court discussed the tax sale process at length to determine whether the tax sale statute permits the assignment of a certificate of tax sale before a deed

---

[8] Because we hold that the plain meaning of the statute expressly authorizes the City's deed review fee, we need not address Thornton Mellon's argument that the process used to institute the fee was *ultra vires* under Article XI-A, Section 2 of the Maryland Constitution. And in any event, Thornton Mellon acknowledged at oral argument that it was not asserting any independent constitutional limitation on the General Assembly's ability to impose charges in tax sale cases, only that these particular statutes didn't authorize the City to impose this deed review fee.

is issued by the tax collector. Thornton Mellon took the position that tax certificates are assignable before deed execution based on the view, as it argues here, that "the statute requires that the certificate holder satisfy certain post-judgment conditions in order to obtain fee simple title by deed." *Id.* at 411. In determining the "nature of the certificate holder's interest in the property," *id.* at 412 (emphasis omitted), the Court summarized the "post-judgment statutory obligations" of certificate holders and tax collectors:

> Following entry of the judgment foreclosing the right of redemption, the tax sale statute imposes additional obligations on both the certificate holder and the tax collector. With respect to the certificate holder, once the court enters final judgment, the holder of the tax sale certificate "immediately becomes liable for the payment of all taxes due and payable after the judgment . . . . On the entry of judgment, the plaintiff shall pay the collector any surplus bid and all taxes together with interest and penalties on the taxes due on the property." TP § 14-844(d). Second, the statute requires that the certificate holder prepare a deed. *See* TP § 14-847(b) ("[t]he deed shall be prepared by the holder of the certificate of sale or the attorney for the holder of the certificate of sale and all expenses incident to the preparation and execution of the deed shall be paid by the holder of the certificate of sale[]"). Once the certificate holder fulfills these post-judgment statutory obligations— paying the balance of the purchase price, along with taxes that have accrued post-sale, and preparing the deed—the tax collector's obligation to complete the transfer is triggered.

*Id.* at 423 (footnotes omitted). The Court added further that the tax collector cannot compel specific performance "on the holder's post-judgment obligations," and clarified that "if the certificate holder fails to comply with the post-judgment obligations, fee simple title is never transferred by deed." *Id.* at 428.

As the Court noted, the purchaser's obligation to pay "all expenses incident to the preparation and execution of the deed," TP § 14-847(b), is one such "post-judgment

16

statutory obligation[].” *Id.* at 423. And as such, the City’s enforcement of the fee, *i.e.*, by withholding execution of the deed until the fee is paid, is lawful. These essential statutory post-judgment obligations led the Court to conclude that certificate holders have equitable title in tax sale properties, which is assignable freely, rather than legal title, which may only be transferred by recording a subsequent deed. *Id.* at 433–434. Section 14-847(b), as outlined above, defines a post-judgment obligation that must be performed before “conveyance of fee simple title by the execution of a deed from the collector to the certificate holder . . . .” *Id.* at 434.

Based on the plain language of the statute, we hold that the City has the authority to charge tax sale purchasers a deed review fee and to require purchasers to pay the fee as a prerequisite to executing the deed. And that resolves the issue at the heart of both cases. At oral argument, Thornton Mellon conceded that upholding the deed review fee in favor of the City resolves the Rule 2-648 action in the City’s favor as well—because the City is entitled to charge and collect the deed review fee, Thornton Mellon is not entitled to an order under Rule 2-648 compelling the City or anyone else to execute the deed without the fee, and we therefore affirm the circuit court’s judgment in the Rule 2-648 action denying that motion. Because the City’s deed review fee is properly imposed as a post-statutory obligation of Thornton Mellon as tax certificate holder, we affirm the Circuit Court for the City of Baltimore’s reasoning in the declaratory judgment action, but vacate the order and

remand to the circuit court with direction that it enter declaratory judgment consistent with

this opinion and in favor of the City.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY IN CASE NO. C-24-C-18-007079 AFFIRMED. JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY IN CASE NO. C-24-C-19-003719 VACATED AND REMANDED WITH DIRECTION THAT THE CIRCUIT COURT ENTER A DECLARATORY JUDGMENT IN WRITING CONSISTENT WITH THIS OPINION AND IN FAVOR OF THE MAYOR AND CITY COUNCIL OF BALTIMORE. APPELLANTS TO PAY COSTS.**